KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
BART E. HIGHTOWER, State Bar No. 207189
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5481
 Fax: (916) 324-5567
 E-mail: Bart.Hightower@doj.ca.gov
*Attorneys for Defendants State of California,
Department of Corrections and Rehabilitation,
Department of Youth Authority, Division of Juvenile
Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES PADILLA,<br><br>                                      Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25.,<br><br>                                      Defendants. | 2:15-CV-02509-JAM-CKD<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br><br>[Fed. Rule of Civ. P. 8, 12(b)(1), 12(b)(6) 12(e)]<br><br>Date: January 26, 2016<br>Time: 1:30 P.M.<br>Courtroom: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date:<br>Action Filed: November 13, 2015 |

# TABLE OF CONTENTS

Page

Preliminary Statement ............................................................................................................. 1
Summary of Alleged Facts ...................................................................................................... 2
Standard of Review .................................................................................................................. 3
Legal Argument ........................................................................................................................ 3

    I.    The Complaint does not contain fact allegations against the State of California. ................................................................................................................ 3

    II.   The Second, Fourth and Fifth claims for relief should be dismissed as to the individually-named defendants because there is no individual liability for management decisions. ........................................................................... 4

    III.  The Second, Third, Fourth and Fifth claims for relief should be dismissed as to all defendants because plaintiff has not pleaded exhaustion of administrative remedies. ................................................................................ 6

    IV.  The First, Second, Seventh and Eight claims for relief should be dismissed as to all defendants because plaintiff has not pleaded compliance with the claim presentation requirements of Government Code section 900 et. seq. ........... 8

        A.   Plaintiff has not pleaded facts showing compliance with Government Code section 945.6. .............................................................. 9

Conclusion ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*
   129 S.Ct. 1937 (2009) .................................................................................................. 3

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ........................................................................................ 3

*Greenlaw v. Garrett*
   59 F.3d 994 (9th Cir. 1995.) ......................................................................................... 6

*Hospital Bldg. Co. v. Rex Hospital Trustees*
   425 U.S. 738 (1976) ...................................................................................................... 3

*Janken v. GM Hughes Electronics*
   (1996) 46 Cal.App.4th 55 ......................................................................................... 4, 5

*Jones v. The Lodge at Torrey Pines Partnership*
   (2008) 42 Cal.4th 1158 .......................................................................................... 2, 4, 5

*Kokkomen v. Guardian Life Ins. Co.*
   511 U.S. 375 (1994) ...................................................................................................... 7

*Martin v. Lockheed Missiles and Space Co.*
   (1994) 29 Cal.App.4th 1718 ......................................................................................... 7

*McNutt v. General Motors Acceptance Corp.*
   298 U.S. 178 (1936) ...................................................................................................... 7

*Munoz v. State*
   (1995) 33 Cal.App.4th 1767 ......................................................................................... 8

*Okoli v. Lockheed Technical Operations Co.*
   (1995) 36 Cal.App.4th 1607 ..................................................................................... 6, 7

*Paige v. State of California*
   102 F.3d 1035 (9th Cir. 1996) ...................................................................................... 6

*Reno v. Baird*
   (1998) 18 Cal.4th 640 ........................................................................................... 2, 4, 5

*Rodriguez v. Airborne Express*
   265 F.3d 890 (9th Cir. 2001) ........................................................................................ 6

*State of California v. Superior Court*
   (2004) 32 Cal.4th 1234 ................................................................................................. 9

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Tosco Corp. v. Communities for a Better Env't*
  236 F.3d 495 (9th Cir. 2001) .................................................................................... 7

*Zipps v. Trans World Airlines, Inc.*
  445 U.S. 385 (1982) .................................................................................................. 6

**STATUTES**

Title VII sections 2000e through 2000e-17 .................................................................. 1

United States Code, Title 28
  §1331 ......................................................................................................................... 1
  §1441(a) .................................................................................................................... 1

United States Code, Title 42
  §1981 ......................................................................................................................... 7
  §1988 ......................................................................................................................... 7

California Government Code
  § 900 .......................................................................................................................... 9
  § 905.2 ....................................................................................................................... 8
  § 910 .......................................................................................................................... 8
  § 911.2 ............................................................................................................. 8, 9, 11
  § 911.2 ....................................................................................................................... 9
  § 912.4 ....................................................................................................................... 8
  § 912.8 ....................................................................................................................... 8
  § 945.4 ....................................................................................................................... 8
  § 945.6 ............................................................................................................. 8, 9, 11
  § 12926(d) ................................................................................................................. 5
  § 12940 ................................................................................................................ 2, 10
  § 12960(d) ................................................................................................................. 7
  § 12965(b) ................................................................................................................. 7

Government Tort Act ..................................................................................................... 9

**CONSTITUTIONAL PROVISIONS**

California Constitution, Article I
  § 8 .......................................................................................................................... 1, 8

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

COURT RULES

Federal Rules of Civil Procedure
    Rule 8(a)(1) .................................................................................................................... 7
    Rule 12(b)(1) .................................................................................................................. 6
    Rule 12(b)(6) ............................................................................................................ 3, 10
    Rule 12(e) ................................................................................................................. 3, 11

OTHER AUTHORITIES

Tort Claims Act ................................................................................................................. 8, 11

**PRELIMINARY STATEMENT**

Plaintiff Mercedes Padilla filed her Complaint for Damages in San Joaquin County Superior Court on November 13, 2015. Plaintiff sues State of California acting by and through the Department of Corrections and Rehabilitation (CDCR), Department of Youth Authority (YA), Division of Juvenile Justice (DJJ), Dan Valdez, Erin Brock and Donnie Alexander.

On December 2, 2015, Defendants removed the action to the United States District Court for the Eastern District of California based upon 28 U.S.C. §§ 1331 and 1441(a), and the claim for relief sought pursuant to Title VII sections 2000e through 2000e-17, as stated in paragraphs 10, 11, 14, 15, in the Complaint, and in the second, third and fifth causes of action in the Complaint. On December 2, 2015, Defendants gave timely and proper notice to all interested parties of the removal of the action to federal court.

Plaintiff brings claims for relief (stated as causes of action in the Complaint) as follows: (1) First Claim for violation of California Constitution, Article I, Section 8 as against all Defendants; (2) Second Claim for Relief for Employment Discrimination as against all Defendants; (3) Third Claim for Relief for harassment as against all Defendants; (4) Fourth Claim for Relief for environment free from harassment as against all Defendants; (5) Fifth Claim for Relief for retaliation as against all Defendants; (6) Sixth Claim for Relief for violation of public policy as against all Defendants; (7) Seventh Claim for Relief for intentional infliction of emotional distress as against all Defendants; and (8) Eighth Claim for Relief for negligent infliction of emotional distress as against all Defendants. (Complaint; pp. 7-19.) Plaintiff also prays for punitive/exemplary damages. (Complaint; p. 20.)

On its face, the Complaint has a number of substantive deficiencies that prevent it from providing Defendants notice of the claims being made against them. Similarly, the Complaint fails to state facts that could support a theory of liability as against some Defendants on all claims for relief. As pleaded, the Complaint for Damages is incapable of being answered by these Defendants. Defendants now move to dismiss this action.

The court should dismiss claims for relief one, two, three, four, five, six, seven and eight as against the State of California because the Complaint does not contain factual allegations against

the State. The court should dismiss claims for relief two, four and five as against the individual Defendants Dan Valdez, Erin Brock and Donnie Alexander because, pursuant to Government Code § 12940 *et. seq.,* they cannot be individually liable for discrimination or for retaliation. (*Reno v. Baird,* (1998) 18 Cal.4th 640, 646-47; *Jones v. The Lodge at Torrey Pines Partnership*, (2008) 42 Cal.4th 1158.) The court should dismiss claims for relief two, three, four and five because Plaintiff has failed to plead fact sufficient to establish exhaustion of her administrative remedies as required by the FEHA.

**SUMMARY OF ALLEGED FACTS**

The Complaint contains the following factual allegations common to all eight claims for relief pleaded. At all times relevant hereto, Plaintiff and all individually-named Defendants worked for CDCR, YA, and/or DJJ. (Complaint; ¶¶ 1-6.) Plaintiff reported to the federal government that CDCR, YA and DJJ were misusing federal grant funds. (Complaint; ¶ 14(a).) Plaintiff was ordered by Defendants not to communicate with the federal government. (Complaint; ¶ 14(b).) Plaintiff was ordered by Defendants to continue her grant activities when Defendants knew or should have known that the manipulation of grant funds was illegal and fraudulent. (Complaint; ¶ 14(c).) Plaintiff was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government. (Complaint; ¶ 14(d).) Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds. (Complaint; ¶ 14(e).) The individual Defendants subjected Plaintiff to verbal and psychological abuse. (Complaint; ¶ 14(f).) Defendants refused to accommodate Plaintiff when she sought reassignment. (Complaint; ¶ 14(g).) Defendants denied Plaintiff's application for positions with knowledge that such assignments would be less stressful. (Complaint; ¶ 14(h).) Defendants denied Plaintiff promotion, raises in pay. (Complaint; ¶ 14(h).) Defendants failed to fully investigate the matters complained of by Plaintiff. (Complaint; ¶ 14(i).) Plaintiff was forced to quit her employment because Defendants failed to take corrective action in response to her complaints of disparate treatment, harassment, and discrimination and her complaints of retaliation. (Complaint; ¶ 14(j).)

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court examines whether a complaint "contains sufficient factual matter accepted as true, 'to state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed 2d 868 (2009), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).) The court must construe the pleading in the light most favorable to the party opposing the motion. The court must resolve all doubts in favor of the pleader. (*Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L. Ed. 2d 338 (1976).)

A court analyzes complaints using a two-step process. First, the court identifies all legal conclusions "that are not entitled to the assumption of truth." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51, 173 L. Ed 2d 868 (2009).) Second, the court must determine in the specific context of the case whether the facts, if believed, establish a plausible claim for relief. (*Ashcroft* at 1950.) A Rule 12(b)(6) dismissal can be based on either the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).)

## LEGAL ARGUMENT

### I.   THE COMPLAINT DOES NOT CONTAIN FACT ALLEGATIONS AGAINST THE STATE OF CALIFORNIA.

Plaintiff has named the State of California as a Defendant in this lawsuit. However, all of Plaintiff's factual allegations allege discrimination or retaliation in decisions made by CDCR, YA and/or DJJ management personnel. (See Complaint; ¶¶ 6-7, 14(a)-(j).) The Complaint does not contain a single fact allegation alleging wrongdoing on the part of the State of California, and therefore does not state sufficient facts under any cognizable theory of recovery against the State. (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).) Consequently, the Complaint fails to state a claim upon which relief may be granted as against the State of California (Rule 12(b)(6)), and is vague and ambiguous regarding the allegations made against the State of California (Rule 12(e).

Because the Complaint fails to state any facts supporting a claim for relief against the State of California, the Complaint must be dismissed as to the State.

## II. THE SECOND, FOURTH AND FIFTH CLAIMS FOR RELIEF SHOULD BE DISMISSED AS TO THE INDIVIDUALLY-NAMED DEFENDANTS BECAUSE THERE IS NO INDIVIDUAL LIABILITY FOR MANAGEMENT DECISIONS.

Plaintiff sues the individually-named Defendants for discrimination, hostile work environment and retaliation (claims for relief two, four and five). All of Plaintiff's factual allegations allege discrimination or retaliation in decisions made by CDCR, YA and/or DJJ management personnel. (See Complaint; ¶¶ 6-7.) Plaintiff alleges that the individually-named Defendants are CDCR, YA and/or DJJ managers. (*Ibid.*) The facts supporting claims for relief two, four, and five, are: (1) Plaintiff reported to the federal government that CDCR, YA and DJJ were misusing federal grant funds; (2) Plaintiff was ordered by Defendants not to communicate with the federal government; (3) Plaintiff was ordered by Defendants to continue her grant activities when Defendants knew or should have known that the manipulation of grant funds was illegal and fraudulent; (4) Plaintiff was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government; (5) Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds; (6) The individual Defendants subjected Plaintiff to verbal and psychological abuse; (7) Defendants refused to accommodate Plaintiff when she sought reassignment; (8) Defendants denied Plaintiff's application for positions with knowledge that such assignments would be less stressful; (9) Defendants denied Plaintiff promotion, raises in pay; (10) Defendants failed to fully investigate the matters complained of by Plaintiff; and (11) Plaintiff was forced to quit her employment because Defendants failed to take corrective action in response to her complaints of disparate treatment, harassment, and discrimination and her complaints of retaliation. (Complaint; ¶ 14(1)-(j).)

Individual supervisors cannot be held liable for discrimination based upon management decisions that they make as part of their job duties. *Reno v. Baird* (1998) 18 Cal.4th 640. *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55. Neither can individual managers be liable for retaliation. (*Jones v. The Lodge at Torrey Pines Partnership*, (2008) 42 Cal.4th 1158.) Courts have explained that the Legislature's decision to make individuals liable for harassment –

4

conduct that is not necessary to any employee's job duties, but not liable for discrimination – which often involves conduct necessary to a supervisor's management duties, is based upon important policy considerations.

> harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job. Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties. While harassment is not a type of conduct necessary to personnel management, making decisions is a type of conduct essential to personnel management. While it is possible to avoid making personnel decisions on a prohibited discriminatory basis, it is not possible either to avoid making personnel decisions or to prevent the claim that those decisions were discriminatory … An individual supervisory employee cannot … refrain from engaging in the type of conduct which could later give rise to a discrimination claim. Making personnel decisions is an inherent and unavoidable part of the supervisory function. Without making personnel decisions, a supervisory employee simply cannot perform his or her job duties.

(*Reno v. Baird, supra,* 18 Cal.4th at 645-646 *citing Janken, supra,* 46 Cal.App.4th at 63-64.)

The courts have also noted that exempting employees from liability for personnel decision making is consistent with the similar exemption from the FEHA generally that applies to small businesses under section 12926(d), (*Janken, supra,* 46 Cal.App.4th at 71-72), and that holding individuals liable for personnel decisions would do little to help plaintiffs whose primary source of recovery remains the employer, and would severely cripple the administration of supervisor judgment in public and private organizations (*Jones v. Lodge at Torrey Pines* (2008) 42 Cal.4th 1158, 1165-66; *Reno v. Baird, supra,* 18 Cal.4th at 651-653; *Janken, supra,* 46 Cal.App.4th at 72-75).

In short, the reasons why the FEHA does not impose liability upon individuals for personnel decision making are: (1) Individuals can avoid harassment but cannot avoid personnel decisions; (2) it is incongruous to exempt small employers but to hold individual non-employers liable; (3) sound policy favors avoiding conflicts of interest and the chilling of effective management, corporate employment decisions are often collective; and (4) it is bad policy to subject supervisors to the threat of a lawsuit every time they make a personnel decision. *Jones v. Lodge at Torrey Pines, supra,* 42 Cal.4th at, 1167.

The State of California is Plaintiff's employer and only it can be liable for discrimination in making employment decisions. The individually-named Defendants cannot be held liable for management decisions. The actions Plaintiff complains of in the second, fourth and fifth claims for relief as against the individually-named Defendants, are all personnel decisions Defendants were required to make as part of their job duties. Consequently, the second, fourth and fifth claims for relief must be dismissed.

### III.  THE SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF SHOULD BE DISMISSED AS TO ALL DEFENDANTS BECAUSE PLAINTIFF HAS NOT PLEADED EXHAUSTION OF ADMINISTRATIVE REMEDIES.

The Complaint contains causes of action for discrimination, harassment, hostile environment and retaliation in violation of the FEHA and Title VII. (Complaint, ¶¶ 22-39.) In order for this Court to exercise jurisdiction over Plaintiff's FEHA-based and Title VII-based causes of action, Plaintiff must first exhaust his administrative remedies by filing charges with the appropriate administrative agency within the time provided by law. (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614; *Rodriguez v. Airborne Express* 265 F.3d 890, 896-897 (9th Cir. 2001); *Greenlaw v. Garrett,* 59 F.3d 994, 997 (9th Cir. 1995.) Unless such action is taken, the court lacks jurisdiction over claims brought pursuant to those statutes. (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614; *Rodriguez v. Airborne Express* 265 F.3d 890, 896-897 (9th Cir. 2001); *Greenlaw v. Garrett,* 59 F.3d 994, 997 (9th Cir. 1995).)

The Supreme Court has held that failure to file an administrative claim is not a jurisdictional bar to a Title VII claim but is a mere statutory requirement subject to waiver, estoppel and equitable tolling defenses. (*Zipps v. Trans World Airlines, Inc.,* 445 U.S. 385, 393 (1982).) However, Ninth Circuit case law holds that substantial compliance with statutory requirements that administrative complaints be filed is a jurisdictional prerequisite to resort to the courts, as the administrative charge and resulting investigation define the scope of action under Title VII. (*Paige v. State of California*, 102 F.3d 1035, 1041 (9th Cir. 1996).)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. Plaintiff bears the burden of establishing that

6

1  jurisdiction is proper. (*Kokkomen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)). At the

2  pleading stage this burden is met by pleading facts showing a proper basis for the federal court to

3  exercise jurisdiction over the subject of the matter in controversy. (*McNutt v. General Motors*

4  *Acceptance Corp.,* 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

> A plaintiff suing in a federal court must show in his pleading, affirmatively, and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called out to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

(*Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001).)

Here, to establish subject matter jurisdiction at the pleading stage, Plaintiff must plead facts showing compliance with statutory requirements that a complaint be timely filed with the DFEH and/or EEOC. To file suit pursuant to the FEHA, Plaintiff must first exhaust her administrative remedies by filing a timely charge with the Department of Fair Employment and Housing and receiving a right-to-sue letter from that agency. (Gov. Code §§ 12960(d), 12965(b); *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614.) A timely DFEH charge and related right-to-sue letter vest the court with jurisdiction over only those claims and allegations in both the complaint and the DFEH charge. (*Martin v. Lockheed Missiles and Space Co.* (1994) 29 Cal.App.4th 1718.) Failure to file a timely charge with DFEH or EEOC is an absolute jurisdictional bar to any cause of action under the FEHA. (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614.)

Here, Plaintiff pleads only that **"Plaintiff filed her Complaint of Discrimination against defendants, and each of them, for violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991, and 42 USC §1981 and § 1988 with the Equal Employment Opportunity Commission and the California Department of fair Employment and Housing. Plaintiff has received her Notice of Case Closure/Right to Sue Letter."** (Complaint, ¶¶ 15-16.) Plaintiff fails to plead that her DFEH and EEOC complaints were filed within the time periods mandated by statute. (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614.) Consequently, the Complaint fails to

vest the court with jurisdiction over the second, third, fourth and fifth claims for relief. Accordingly, the motion to dismiss must be sustained as to those causes of action.

### IV. THE FIRST, SECOND, SEVENTH AND EIGHT CLAIMS FOR RELIEF SHOULD BE DISMISSED AS TO ALL DEFENDANTS BECAUSE PLAINTIFF HAS NOT PLEADED COMPLIANCE WITH THE CLAIM PRESENTATION REQUIREMENTS OF GOVERNMENT CODE SECTION 900 ET. SEQ.

Plaintiff's Complaint for Damages contains claims for relief one, six, seven and eight for violation of Article 1, Section 8 of the California Constitution, violation of public policy, intentional infliction of emotional distress, and negligent infliction of emotional distress, through which Plaintiff seeks damages. The Tort Claims Act requires that any civil complaint for money or damages must first be presented to and rejected by the pertinent public entity. (Government Code §§ 905.2, 910, 912.4, 912.8, 945.4.) California Department of Corrections and Rehabilitation (CDCR). Department of Youth Authority, and Division of Juvenile Justice are administrative agencies of the State of California. Government Code section 911.2 provides that a tort claim alleging injury to a person must be filed within six (6) months of the date of injury.

> The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. (Citations omitted.)

(*Munoz v. State* (1995) 33 Cal.App.4th 1767, 1776.)

Once Plaintiff has timely filed a tort claim with the relevant government entity and received a notice of claim rejection and right to sue, Plaintiff must file any lawsuit within six months of receiving the notice of rejection of claim. Government Code section 945.6 provides in relevant part that,

> (a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: (1) If written notice is given in accordance with Section 913, no later than six months after the date such notice is personally delivered or deposited in the mail.

Plaintiff's first, sixth, seventh and eight claims for relief must be dismissed because these tort claims for relief may only be maintained against Defendants if Plaintiff has timely complied with the Tort Claims Act, Government Code section 900 *et. seq.,* including the requirements to timely file a tort claim within the six-month time period provided by Government Code section 911.2, and to timely file a civil complaint initiating the lawsuit within the six-month time period mandated by Government Code section 945.6. Fact allegations showing compliance with the provisions of the Government Tort Act constitute indispensable elements of a *prima facie* tort case against state agencies. Any pleading that lacks such a *prima facie* showing is subject to dismissal. That precise issue was addressed by the Supreme Court in *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239. "We conclude that failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*Ibid*.)

Plaintiff Has Not Pleaded Facts Showing Compliance With Government Code Section 911.2.

In her Complaint for Damages, Plaintiff alleges only that, "Plaintiff has exhausted her administrative remedies with respect to the filing of this civil action." (Complaint, ¶ 17.) These fact allegations do not establish compliance with Government Code section 911.2, which requires Plaintiff to file her tort claim within six (6) months of the date of injury. Plaintiff fails to allege facts establishing that she timely submitted a tort claim to California Victim Compensation and Government Claims Board (CVCGCB), artfully omitting the date that she purportedly filed her claim. Consequently, Plaintiff has failed to state any *prima facie* case for her claims for relief one, six, seven and eight, and those claims for relief must be dismissed.

**A.  Plaintiff Has Not Pleaded Facts Showing Compliance With Government Code Section 945.6.**

In her Complaint for Damages, Plaintiff alleges only that, "Plaintiff has exhausted her administrative remedies with respect to the filing of this civil action." (Complaint, ¶ 17.) These fact allegations do not establish compliance with Government Code section 945.6, which requires Plaintiff to file her lawsuit within (6) months of the date that the notice of rejection of tort claim was served on her or deposited in the mail. Plaintiff fails to allege facts establishing that she

timely filed her Complaint for Damages, artfully omitting the date that the notice of rejection of claim was served on her or placed in the mail by CVCGCB.  Consequently, Plaintiff has failed to state any *prima facie* case for her claims for relief one, six, seven and eight, and those claims for relief must be dismissed.

**CONCLUSION**

For the reasons stated above, the court should dismiss this action in its entirety under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted.  The court should dismiss the claims for relief one, two, three, four, five, six, seven and eight as against the State of California and the Department of Corrections and Rehabilitation, Department of Youth Authority and Division of Juvenile Justice because the State and its political subdivisions enjoy 11th Amendment immunity.  The court should dismiss claims for relief two, four and five as against Defendants Dan Valdez, Erin Brock, and Donnie Alexander because there can be no individual liability for employment management decisions under Government Code § 12940 *et. seq.*  The court should dismiss the second, third, fourth and fifth claims for relief because for lack of jurisdiction over the FEHA and Title VII claims.  The court should dismiss the first, sixth,

/ / /

/ / /

seventh and eight claims for relief because Plaintiff has failed to plead compliance the claim presentation and civil lawsuit initiation requirements of the Tort Claims Act as stated in with Government Code section 911.2 and Government Code section 945.6.  Defendants respectfully request an order dismissing the action as set forth above.  Alternatively, Defendants respectfully request the court make an order requiring Plaintiff to file a more definite statement under Rule 12(e).

Dated:  December 28, 2015

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID J. NEILL
Supervising Deputy Attorney General


/S/ BART E. HIGHTOWER
BART E. HIGHTOWER
Deputy Attorney General
*Attorneys for Defendants State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

SA2015105940
12071738.doc