KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
BART E. HIGHTOWER, State Bar No. 207189
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 322-5481
  Fax:  (916) 324-5567
  E-mail:  Bart.Hightower@doj.ca.gov
*Attorneys for Defendants State of California,*
*Department of Corrections and Rehabilitation,*
*Department of Youth Authority, Division of Juvenile*
*Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MERCEDES PADILLA,**<br><br>                                    Plaintiff,<br><br>        v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25.,**<br><br>                                    Defendants. | 2:15-CV-02509-JAM-CKD<br><br>**DECLARATION OF BART E. HIGHTOWER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br><br>**[Fed. Rule of Civ. P. 8, 12(b)(1), 12(b)(6) 12(e)]**<br><br>Date: January 26, 2016<br>Time: 1:30 P.M.<br>Courtroom: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date:<br>Action Filed:  November 13, 2015 |

        Bart E Hightower, declare the following:

        1.     I am counsel of record for Defendants State of California, Department of Corrections

and Rehabilitation, Department of Youth Authority, and Division of Juvenile Justice in the above-

1

1  captioned matter.  I state the facts herein of my own personal knowledge and if called upon to

2  testify could and would competently so testify thereto.

3    2.    Attached hereto as Exhibit A is a true and correct copy of the Complaint for Damages

4  filed by Plaintiff herein.

5    I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct.

7    EXECUTED this 28th day December, 2015, at Sacramento, California.

8

9    _____/S/  BART E. HIGHTOWER_____
         BART E. HIGHTOWER

10

11

12  SA2015105940
    32306293.doc

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

DANIEL L. MITCHELL (SBN34442)
Law Offices of
DANIEL L MITCHELL
1600 G Street, Suite 101
Modesto, California 95354
Telephone 510.864.8885
Fax 510.864.8898
Attorneys for Plaintiff

FILED
SUPERIOR COURT - STOCKTON

2015 NOV 13 PM 1:53

ROSA JUNQUEIRO, CLERK

BY _____
DEPUTY

$435 #7240

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

MERCEDES PADILLA,

                Plaintiff,

v.

STATE OF CALIFORNIA; CALIFORNIA
DEPARTMENT OF CORRECTIONS &
REHABILITATION; DEPARTMENT OF
YOUTH AUTHORITY; DIVISION OF
JUVENILE JUSTICE; DAN VALDEZ;
ERIN BROCK; DONNIE ALEXANDER
DOE 1; DOE 2; DOE 3; DOE 4; DOES 5
to 25

No. STK-CV-UWT-2015-0010596

**COMPLAINT FOR DAMAGES:**

[1] Violation of Art I, Section 8;
[2] Employment Discrimination;
[3] Harassment;
[4] Employment Environment
[5] Retaliation
[6] Violation of Public Policy
[7] Intentional Infliction of Emotional Distress
[8] Negligent Infliction of Emotional Distress

COMES NOW plaintiff MERCEDES PERCELLA, and complains of defendants, and each of them, and alleges as follows:

### GENERAL ALLEGATIONS

1.     Plaintiff does not know the true names or capacities, whether individual, partners or corporate, of the defendants sued herein as DOES 1 through 25, inclusive, and for that reason said defendants are sued under fictitious names and plaintiff prays leave to amend this Complaint when the true names and capacities are known.

2.     At all times herein mentioned, each of said defendants, including those defendants named herein as DOES, ratified and participated in the doing of the acts hereinafter alleged to have been done by the named defendants, and furthermore, the defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting individually and within the course and scope of said agency and employment.

3.     At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture and common enterprise and acting within the course and scope of and in pursuance of said joint venture and common enterprise.

4.     At all times herein mentioned, the acts and omissions of the various defendants, and each of them, ratified, concurred in and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

5.     Plaintiff is informed and believes and thereon alleges that defendants California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of

Juvenile Justice, along with Does 1 through 5, inclusive and each of them, were Agencies of the state of California, sued herein in that capacity and were and are public entities organized and existing under the laws of the state of California and subject to suit under the California Fair Employment and Housing Act, Government Code, Sees. 12900 et seq. ("FEHA"), in that said defendants are employers who regularly employ five or more persons (collectively herein "Agency")

6.      At all times herein mentioned, defendant Dan Valdez, Erin Brock, Donnie Alexander were the agents and/or employees for each defendant Agency and/or state of California (hereinafter "Individual Defendants"). These defendant and DOES 1 through 10, inclusive, are the agent(s) of an entity, subject to suit under FEHA. Defendants supervised plaintiff.

7.      Defendants DOES 10 through 25, inclusive, were and are employed by defendants Agencies and state of California and DOES 1 through 25, inclusive, as managers, supervisors, coordinators and administrators. At all times herein mentioned, said defendants were supervisory to plaintiff.

8.      The unlawful employment practices complained of herein occurred at San Joaquin County, California.

9.      Plaintiff filed her Government Claim against defendants and each of them and thereafter she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing ("DFEH").

10.      Portions of this action are brought pursuant to the Fair Employment and Housing Act as set forth in Sections 12900 et seq. of the California Government Code (FEHA), as well as Title VII of

1   the United States Code, sections 2000e through 2000e-17 (Title VII), and 42 USC §1981 to obtain relief

2   for plaintiff for discrimination in employment against plaintiff because of plaintiff's sex, age, race/color,

3   national origin/ancestry, association, compensation, terms, conditions, retaliation for engaging in

4   protective activity, privileges of her employment and equal employment opportunities. Plaintiff alleges

5

6   that she has been constructively terminated from her position with defendants, and each of them on

7   account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective

8   activity, association, compensation, terms, conditions, retaliation for engaging in protective activity,

9

10  privileges of her employment and equal employment opportunities in violation of those relevant

11  provisions of the FEHA, Title VII and 42 USC §1981. By this action plaintiff seeks the following relief,

12  pursuant to the FEHA , Title VII (§2000e-5(g) and (k)) and 42 USC §1981: monetary relief, including

13  back pay, front pay, attorney fees and costs of suit for terminating plaintiff on the basis of her sex,

14  race/color, national origin/ancestry, association, compensation, terms, conditions, retaliation for

15  engaging in protective activity, privileges of her employment and equal employment opportunities.

16

17          11.     Plaintiff alleges that she has been discriminated against, retaliated against, defamed and

18  harassed by defendants, and each of them, on account of her sex, age, race/color, national

19  origin/ancestry, retaliation for engaging in protective activity and association in violation of those

20

21  relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act

22  of 1866, 1871, and 1991 and 42 USC §1981. By this action plaintiff seeks the following relief

23  pursuant to the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866,

24  1871, and 1991 and 42 USC §1981: monetary relief, including back pay, front pay, attorney fees and

25  costs of suit for discrimination against and harassment of plaintiff on the basis of her sex, age,

26

27  race/color, national origin/ancestry, association and retaliation for engaging in protective activity

28          12.     Plaintiff is female and a resident of the County of San Joaquin, State of California.

13.    Plaintiff was a tenured employee of the state of California and an employee of the Depaartment of Corrections/CYA for at least 33 years until September 2012 as a Volunteer Program Manager and Supervisor/Foster Grandparent Program.

. 14.    Plaintiff a female, Caucasian over 40, has been discriminated against, retaliated against, defamed and harassed by defendants, and each of them, on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981; harassment by defendants in the form of a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity, association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981, involving but not limited to:

(a)    Plaintiff's reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)     Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)     Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)     Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by forced overwork and vulnerability; for acts and omissions not her doing including errors in budgets involving federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like, all to plaintiff's damages as herein alleged.

(f)     The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)      Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation all to plaintiff's damages as herein alleged

15.      Plaintiff filed her Complaint of Discrimination against defendants, and each of them, for violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988 with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.

16.      Plaintiff received her Notice of Case Closure/Right to Sue Letter. .

17.      Plaintiff has exhausted her administrative remedies with respect to the filing of this civil action.

*First Cause of Action*
[Violation of California Constitution, Article I, Section 8]
As to All Defendants

18.      Plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive as though set forth herein at length.

19.      Defendants' conduct, as alleged in this complaint, violated Article I, section 8 of the California Constitution, which establishes the State's fundamental public policy prohibiting the disqualification of a person from entering or pursuing a business, profession, vocation or employment because of sex, race, creed, color, or national or ethnic origin and retaliation for engaging in protective activity

20.     Defendants' actions have caused, and continue to cause, plaintiff substantial losses in earnings and other employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation, embarrassment and anguish, all to plaintiff's damage in amount according to proof.

21.     Defendants, and each of them, did the acts herein alleged maliciously, oppressively, and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive damages (except as to state of California and its entities) in an amount according to proof against said defendants, and each of them.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Second Cause of Action
[Employment Discrimination]
As To All Defendants

22.     Plaintiff incorporates herein by reference and realleges paragraphs 1 through 21 inclusive, as though set forth at length.

23.     At all times herein mentioned, defendants, state of California, and California Department of Corrections & Rehabilitation, Department of Youth Authority, Division of Juvenile Justice are entities  subject to suit under the California Fair Employment and Housing Act, Government Code section 12900, et seq. (FEHA) and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988 in that defendant is an employer who regularly employs five or more persons.

24.    In retaliation for plaintiff's complaints, Defendants subjected plaintiff to a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)    Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)    Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)    Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)    Plaintiff was retaliated against for reporting state and individual illegal manipulation of

federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)     The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.


25.     Defendants' failure to act or protect plaintiff was on pretextual grounds and not for good cause. Their reason(s) are a pretext for discrimination on account of plaintiff's sex, age, race/color, national origin/ancestry, association, because defendants knew, or should have

known, that the Individual Defendants were engaged in similar conduct with many other

employees and to take corrective action would expose defendants to liability for those acts.

26.     The discriminatory actions of defendants, and each of them, against plaintiff

constituted unlawful discrimination in employment on account of plaintiffs sex, age, race/color, national

origin/ancestry, retaliation for engaging in protective activity and association in violation of those

relevant sections of FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of

1866, 1871, and 1991 and 42 USC §1981 and §1988.

27.     The discriminatory actions of defendants, and each of them, against plaintiff, as

alleged above, are a substantial factor in causing plaintiff substantial losses in earnings and other

employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation,

embarrassment and anguish, all to plaintiff's damage in an amount according to proof. As a result of

such discrimination and consequent harm, plaintiff has suffered such damages in an uncertain amount.

Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has

been ascertained.

28.     The discriminatory misconduct of defendants, and each of them, is a substantial factor in

causing plaintiff to be harmed in that plaintiff has suffered the intangible loss of the employment-related

opportunities associated with working for defendants including job security and future employment. As

a result of such discrimination and consequent harm, plaintiff has suffered damages in an uncertain

amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when

it has been ascertained.

29.     The discriminatory misconduct of defendants, and each of them, is a substantial

factor in causing plaintiff to be harmed in that plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has been hurt and injured in her health, strength, and activity, sustaining injury to her body, shock and injury to her nervous system and person, and became sick, sore, lame, and disabled, all of which said injuries have caused, and continue to cause, said plaintiff great mental, physical, and nervous pain and suffering all to her general damage in a sum to be determined at the trial of this matter. Plaintiff is informed, and believes, and thereon alleges that the amount of her damages exceed the jurisdictional limits of the Superior Court of the State of California.

30.     By reason of the above-mentioned premises, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care for her and did incur and continue to incur, medical and incidental expense. This exact amount of such expense is unknown to plaintiff at this time, and she prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

31.     By reason of the above-mentioned premises, plaintiff was prevented from engaging in her usual occupation and in the future will be so prevented, all to her damage in an amount unknown to plaintiff at this time, and plaintiff prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

32.     Defendants, and each of them, did the acts herein alleged maliciously, oppressively, and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive damages (except as to state of California and its entities) in an amount according to proof against said defendants, and each of them.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

***Third Cause of Action***
[Harassment]
As To All Defendants

33.     Plaintiff incorporates by reference and realleges paragraphs 1 through 32 inclusive, herein, as though set forth at length.

34.     The conduct of the defendants, and each of them, was harassment in that it created a hostile work environment in violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988. Defendants, and each of them, knew of these harassing actions because the Individual Defendants had reputations and were known to engage in such conduct. Defendants knew, or should have known, of the above-described harassment, yet failed to take immediate or any appropriate corrective action to stop or prevent the harassment from reoccurring, thereby requiring plaintiff to be subjected to a hostile working environment.

35.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as herein set forth

WHEREFORE plaintiff prays judgment as more particularly set forth below.

***Fourth Cause of Action***
[Environment Free from Harassment]
As to All Defendants

36.     Plaintiff incorporates by reference and realleges paragraph 1 through 35, inclusive, herein, as though set forth at length.

37.     Defendants, and each of them, failed to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code §12940(k), by engaging in the course of conduct set for the in paragraphs 1 through 35, among other things.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Fifth Cause of Action
[Retaliation]
As to All Defendants

38.     Plaintiff incorporates by reference and realleges paragraph 1 through 37, inclusive, herein, as though set forth at length.

39.     Defendants, and each of them, have retaliated against plaintiff in violation of California Government Code §12940(h), by engaging in a course of retaliatory conduct, including among other things, the conduct set forth as follows::

In retaliation for plaintiff's complaints, Defendants subjected plaintiff to a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)     Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth

Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)     Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)     Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such such manipulation of funds was illegal and fraudulent

. (d)     Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)     Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)     The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the

California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Sixth Cause of Action
[Violation of Public Policy]
As To All Defendants

40.     Plaintiff incorporates by reference and realleges paragraph 1 through 39, inclusive, herein, as though set forth at length.

41.     Defendants, and each of them, discriminated and harassed plaintiff in her employment in violation of public policy and of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)    Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)    Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such such manipulation of funds was illegal and fraudulent

(d)    Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)    Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)    The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.

42.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Seventh Cause of Action
[Intentional Infliction of Emotional Distress]
As To All Defendants

43.     Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 42.

44.     The conduct set forth hereinabove was extreme and outrageous and an abuse of

the authority and position of defendants and each of them. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. Said conduct exceeds the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants and each of them abused their position of authority toward plaintiff and engaged in conduct intended to humiliate plaintiff and to convey the message that she was powerless to defend her rights. Defendants abused their authority and directly injured plaintiff by its ratification of the Individual Defendants acts in failing to protect plaintiff.

45.     The foregoing conduct did in fact cause plaintiff to suffer extreme emotional distress. As a proximate result of said conduct plaintiff suffered embarrassment, anxiety, humiliation and emotional distress, and psychiatric depression and will continue to suffer said emotional distress in the future in an amount according to proof.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Eighth Cause of Action
[Negligent Infliction of Emotional Distress]
As To All Defendants

46.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45.

47.     In carrying out the above conduct! defendants, and each of them, breached a duty owed to plaintiff to provide a workplace free from unfair treatment,  discrimination and retaliation and abused their positions of authority toward her. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants violated said duty directly by ratifying the conduct of the Individual Defendants.

48.     Defendants, and each of them, knew or should have known that said conduct would cause plaintiff extreme emotional distress. As a proximate result of defendants negligent conduct plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish, psychiatric depression and emotional distress in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

1. General damages in an amount to be proven at the time of trial;

2. All special and incidental damages according to proof;

3. Punitive damages according to proof;

4. Attorneys fees herein incurred;

5. All costs of suit; and

6. Such other and further relief as the Court deems proper in the premises.

Law Offices of
DANIEL L. MITCHELL

By _____
Attorney for Plaintiff Padilla