DANIEL L. MITCHELL (SBN34442)
Law Offices of
DANIEL L MITCHELL
1600 G Street, Suite 101
Modesto, California 95354
Telephone  510.864.8885
Fax  510.864.8898
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MERCEDES PADILLA,

       Plaintiff,

v.

STATE OF CALIFORNIA; CALIFORNIA
DEPARTMENT OF CORRECTIONS &
REHABILITATION; DEPARTMENT OF
YOUTH AUTHORITY; DIVISION OF
JUVENILE JUSTICE; DAN VALDEZ;
ERIN BROCK; DONNIE ALEXANDER
DOE 1; DOE 2; DOE 3; DOE 4; DOES 5
to 25

No.  2-15-CV-02509-JAM-CKD

**MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS OR FOR MORE
DEFINITE STATEMENT**

Date:  January 26, 2016
Time: 1:30 pm
Courtroom:  6
Honorable John A Mendez
Trial Date: TBA
Action Filed:  November 13, 2015

## <u>STATEMENT OF THE CASE</u>

  Plaintiff a female, Caucasian over 40 was a tenured employee of the **state of California** and an employee of the Department of Corrections/CYA for at least 33 years until September 2012 as a Volunteer Program Manager and Supervisor/Foster Grandparent Program.

Plaintiff is informed and believes and thereon alleges that defendants California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, awere Agencies of the **state of California**, sued herein in that capacity and were and are public entities organized and existing under the laws of the **state of California** and subject to suit under the California Fair Employment and Housing Act, Government Code, Sees. 12900 et seq. ("FEHA"), in that said defendants are employers who regularly employ five or more persons (collectively herein "Agency")

Ms Padillla was subjected to discrimination, retaliation, defamation and harassment by defendants, and each of them, on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 for all of the following reasons:

(a)     Plaintiff was required to and did report to the federal government that the Accounting Department of the California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants were using federal funds for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay **unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;**

(b)     Plaintiff, signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)     Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)     Plaintiff's was reprimanded for reporting **state and individual illegal manipulation of federal funds to the federal government**

(e)     Plaintiff was retaliated against for reporting **state and individual illegal manipulation** of federal funds by forced overwork and vulnerability; for acts and omissions not her doing including errors in budgets involving federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shredding federal documents; accused of taking institution keys; was told that her retirement would be rescinded; was not allowed to go on the grounds of the state facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and other related acts and omissions. .

(f)     Defendants refused to accommodate plaintiff when she sought reassignment such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

At all times herein mentioned, defendant Dan Valdez, Erin Brock, Donnie Alexander were the agents and/or employees **for each defendant Agency and/or state of California (hereinafter "Individual Defendants")**.

Defendants' actions have caused, and continue to cause, plaintiff substantial losses in earnings and other employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation, embarrassment and anguish, all to plaintiff's damage in amounts according to proof.

Defendants, and each of them, did the acts herein alleged maliciously, oppressively, and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive damages **(except as to state of California and its entities)** in an amount according to proof against said defendants, and each of them.

## DISCUSSION

Defendants State of California, California Department of Corrections and Rehabilitation, Department of Youth Authority and Division of Juvenile Justice (herein "Defendants")  argue:

### 1.      The Complaint Does Not Contain Fact Allegations Against The State of California

Defendants argue that the Complaint does not contain fact allegations against the State of California.  That analysis is quite incorrect.  As the Court can determine from the Complaint, the State of California and its Agencies are identified individually and as one of the "defendants, and each of them." through the Complaint and each cause of action.

The references to the state, to the State of California, to its agencies is codified, i.e. Gov't Code §§6250-6270; 54950-54963; and 815-818.9 such that Defendants argument is without merit.

### 2.      No Individual Liability For Management Decisions

Defendants next argue that individual supervisors cannot be held liable for discrimination based upon management decisions and that individual managers cannot be liable for retaliation.

Neither argument is persuasive in this setting.   Plaintiff has alleged she was subjected to discrimination, retaliation, defamation and harassment by defendants, and each of them, on account of her sex, age, **race/color**, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981

Section 1981 of the Civil Rights Act of 1866 ("Section 1981") prohibits discrimination in employment based on **race and color**. 42 U.S.C. §1981 ("All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."). The Civil Rights Act of 1991 defined the term "to make and enforce contracts" to include the

"making, performance, modification and termination of contracts, and the benefits, privileges, terms and conditions of the contractual relationship." *See* 42 U.S.C. §1981(b). Section 1981 allows for individual liability. *Al-Khazraji v. Saint Francis College*, 784 F.2d 505 (3rd Cir. 1986) ("In particular, directors, officers, and employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable."), *aff'd* 481 U.S. 604 (1987); *Jones v. Continental Corp.*, 789 F.2d 1225, 231 (6th Cir. 1986) ("**the law is clear that individuals may be held liable for violations of Section 1981**"). (emphasis ours)

Although §1981 does not directly state that **retaliation claims** are actionable, it is now settled law that §1981 prohibits retaliation for filing a race discrimination claim (statutory or administrative) or opposing race discrimination. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 128 S.Ct. 1951, 1954-55 (2008) ("The question before us is whether §1981 encompasses retaliation claims. We conclude that it does.")

As with Title VII, Section 1981 **prohibits harassment** on the basis of race and color. *Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F.3d 8, 13 (1st Cir. 1999) ("Thus, hostile work environment claims may now be pursued by employees under both Title VII and Section 1981."); *Williams v. Carrier Corp.*, 889 F. Supp. 1528, 1530 (M.D. Ga. 1995) (allowing §1981 hostile environment claim after passage of §1981(b)).

Defendants' argument is without substance.

3.    **The Plaintiff Did Not Plead Exhaustion of Administrative Remedies**

Defendants next argument is that "Plaintiff must plead facts showing compliance with statutory requirement be timely filed with the DFEH and/or EEOC." [Defs. MP&A 7:9-10]

Plaintiff has alleged:

"9.       Plaintiff filed her Government Claim against defendants and each of them and thereafter she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing ("DFEH")."

Apparently Defendants did not read the Complaint.

The Defendants' argument is frivolous and without merit.

4.       **The Plaintiff Did Not Plead Exhaustion of Administrative Remedies**

Once again Defendants argue that Plaintiff did not comply Administrative Remedies

Plaintiff again refers to her Complaint:   "9.  Plaintiff filed her Government Claim against defendants and each of them and thereafter she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing ("DFEH")."

Defendants of-course received the **fee** associated with Plaintiff's filing which would have precluded this frivolous allegation however it has intentionally been ignored.

The Defendants' argument is frivolous and without merit.

## CONCLUSION

The Motion To Dismiss or Alternatively For A More Definite Statement is without merit and must be denied in its entirety.

Law Offices of Daniel L Mitchell

 s/ *Daniel L Mitchell*

By _____
        Daniel L Mitchell, Esq.
Attorney for Plaintiff Mercedes Padilla