KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
BART E. HIGHTOWER, State Bar No. 207189
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5481
 Fax: (916) 324-5567
 E-mail: Bart.Hightower@doj.ca.gov
*Attorneys for Defendants State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MERCEDES PADILLA, | 2:15-CV-02509-JAM-CKD |
|---|---|
| Plaintiff, | **DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** |
| v. | |
| STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25., | [Fed. Rule of Civ. P. 8, 12(b)(1), 12(b)(6) 12(e)] |
| | Date: January 26, 2016 |
| | Time: 1:30 P.M. |
| | Courtroom: 6 |
| | Judge: The Honorable John A. Mendez |
| | Trial Date: TBA |
| | Action Filed: November 13, 2015 |
| Defendants. | |

**Plaintiff Cannot Cure Her Failure To Exhaust Administrative Remedies.**

As stated in Defendant's opening brief, Plaintiff has failed to plead *timely* filing of a DFEH and/or EEOC charge containing facts that support her claims for relief two, three, four and five. It is not enough to plead, as Plaintiff has done, that a charge was filed with the administrative

1

agency. Plaintiff must also plead the charge was filed within the time period provided by statute. Government Code section 12960 requires that Plaintiff file her DFEH charge within one year of the last act complained of in the Complaint. (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614.) Title VII requires that any EEOC charge be filed within 180 days of the last act complained of, or within 300 days of the last act complained of if a claim is pending with a state agency. (42 U.S.C. § 2000e-5(e)(1).) Plaintiff has failed to plead facts showing timely filing with either agency and has not argued in opposition to Defendants' motion that she could plead such facts if allowed to amend the Complaint. Plaintiff's decision not to seek leave of court to amend the Complaint to plead facts sufficient to vest the court with subject matter jurisdiction over these claims for relief is a tacit admission that no such facts exist. Accordingly, the court should dismiss the second, third, fourth and fifth claims for relief as against all Defendants.

Similarly, Plaintiff did not plead and does not now claim to be able to plead facts alleging compliance with California's Government Tort Claim statute, Government Code section 911.2, which requires Plaintiff to file her tort claim within six (6) months of the date of injury. Accordingly, Plaintiff's first, sixth, seventh and eight claims for relief as against the Government entity defendants should be dismissed.

**No Liability for Managerial Decisions**

As set forth in Defendants' moving brief, the fact allegations of the Complaint relate to managerial decisions that the individually-named Defendants made in course and scope of their duties. (See Complaint; ¶¶ 6-7.) Under FEHA and Title VII, Individuals cannot be liable for discrimination or retaliation based upon management decisions made as a proper exercise of their managerial duties. (*Reno v. Baird* (1998) 18 Cal.4th 640. *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55. *Jones v. The Lodge at Torrey Pines Partnership*, (2008) 42 Cal.4th 1158.) Plaintiff has presented no contrary authority. Accordingly, the second, fourth and fifth claims for relief should be dismissed as to the individually-named Defendants in as far as those claims are brought pursuant to the FEHA and/or Title VII.

**Section 1981 Does Not Apply Because There Is No Contract**

In 1991 Congress amended 42 U.S.C. section 1981 by adding subdivisions (b) and (c). Subdivision (b) provides that, "[f]or purposes of this Section, the term 'make and enforce contracts' includes making, performance, modification, and termination of contracts, and the enjoying of all benefits, privileges, terms, and conditions of the contractual relationship.'" (42 U.S.C. section 1981 subd. (b).) This provision of the statute expressly overruled the Supreme Court's narrow interpretation of the statute, stated in *Patterson v. Mclean Credit Union,* 491 U.S. 164, 109 S. Ct. 2721 (1989), that the statute protected only an individual's right to equal treatment, based on race, in the formation of contracts, and that section 1981 does not provide a vehicle for enforcing performance under a contract.

However, whether a contract right exists that is enforceable under section 1981 is a matter of state law. (*Murray v. National Broadcasting Co.* 844 F.2d 944 (2d Cir.) (1988).) In *Murray*, the court rejected Plaintiff's claim for relief under section 1981 because New York state law required an idea to be novel in order for it to be protected from infringement under New York property laws. Having found that the plaintiff's idea was not novel, the court granted summary judgment in favor of Defendants. "Although we agree with plaintiff that section 1981 does not speak in terms of property [citation omitted], section 1981 does require that there be a contract right underlying the claim." (*Murray, supra,* 844 F.2d (2d. Cir.) at 995 (1988).)

Employment with the State of California is held by statute and not by contract. (*Kemmerer v. County of Fresno* (1988) 200 Cal. App. 3d 1426.)

> Plaintiff's causes of action predicated upon the existence of a contract between him and the County are grounded upon the false premise that he served under a contract of employment which included an implied covenant of good faith and fair dealing. However, ". . . it is well settled in California that public employment *is not held by contract but by statute* . . . . Nor is any vested contractual right conferred on the public employee because he occupies a civil service position since it is equally well settled that '[the] terms and conditions of civil service employment are fixed by statute and not by contract.' [Emphasis added.]

*Kemmerer, supra,* 200 Cal.App.3d at 1432; *See also Miller v. State of California* 18 Cal.3d 808 1977).)

3

The fact allegations common to all claims for relief are contained paragraphs 1-17 of the Complaint. Plaintiff bases her claims for relief two, three, five and six for discrimination, harassment, retaliation and violation of public policy, in part on section 1981. (Complaint; ¶¶ 23, 34, 39, 41.) However, the Complaint fails to allege any state contract right underlying these claims for relief. Plaintiff does not allege that her employment with CDCR/ California Youth Authority (CYA) was based upon contract. Plaintiff does allege that CDCR and CYA are agencies of the State of California and argues in opposition to this Motion that "the State of California and its Agencies (sic) are identified individually and as one of the 'defendants,' and each of them." (Complaint; ¶ 5. Opposition Brief; p.4., ¶ 1.) Consequently, any issue arising out of Plaintiff's former employment with the State or any of the state entity Defendants, does not arise out of a contract and thus cannot fall within the enforcement umbrella of section 1981. Accordingly, Plaintiff's claims for relief two, three, five and six should be dismissed as to all Defendants in as far as those claims for relief are based upon section 1981.

## CONCLUSION

For the reasons stated above, the court should dismiss this action in its entirety under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. The court should dismiss claims for relief two, four and five as against Defendants Dan Valdez, Erin Brock, and Donnie Alexander because there can be no individual liability for employment management decisions under Government Code section 12940 *et. seq.* The court should dismiss the second, third, fourth and fifth claims for relief for lack of jurisdiction over the FEHA and Title VII claims. The court should dismiss the first, sixth, seventh and eight claims for relief because Plaintiff has failed to plead compliance the claim presentation and civil lawsuit initiation requirements of the Tort Claims Act as stated in with Government Code section 911.2 and Government Code section 945.6. The court should dismiss the second, third, fifth and sixth claims for relief as against all Defendants in as far as those claims for relief are based section 1981 because the fact allegations in the Complaint establish that Plaintiff was employed by the State of California and/or a state agency and such employment is by statute and not by contract as a matter of law. Defendants respectfully request an order dismissing the action as set forth above. Alternatively, Defendants

respectfully request the court make an order requiring Plaintiff to file a more definite statement under Rule 12(e).

Dated: January 19, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID J. NEILL
Supervising Deputy Attorney General

/S/  BART E. HIGHTOWER
BART E. HIGHTOWER
Deputy Attorney General
*Attorneys for Defendants State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

SA2015105940
12081864.doc