KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
BART E. HIGHTOWER, State Bar No. 207189
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5481
 Fax: (916) 324-5567
 E-mail: Bart.Hightower@doj.ca.gov
*Attorneys for Defendant, State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES PADILLA,<br><br>                                 Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25.,<br><br>                                 Defendants. | 2:15-CV-02509-JAM-CKD<br><br>**DEFENDANTS' STATUS REPORT**<br><br>Date: TBA<br>Time: TBA<br>Courtroom: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date: TBA<br>Action Filed: November 13, 2015 |

Pursuant to the court's direction in its Order Setting Status (Pretrial Scheduling) Conference issued December 2, 2015, Defendants hereby file their Joint Status Report. Defendants file a separate report because Plaintiff, through his counsel, would not participate in preparing a Joint Status Report. Defense counsel left several telephone messages at the office of Plaintiff's counsel requesting his participating in preparing a joint status report. Defense counsel also sent

1

correspondence to Plaintiff counsel's office requesting his participation in preparing a joint status report. (See Exhibit A; correspondence from Bart E. Hightower to Daniel L. Mitchell dated December 21, 2015, and January 25, 2016.) Plaintiff's counsel never responded in any way to the phone messages or written correspondence.

### A. The nature of the case

Plaintiff sues alleging that her employer, California Department of Corrections and Rehabilitation, Department of Youth Authority and Division of Juvenile Justice, subjected her to discrimination, harassment, and retaliation in violation of the Fair Employment and Housing Act and Title VII, and in violation of public policy as stated in the California Constitution.

**Progress in the service of process**

Defendants are not aware of the status of service on all individual Defendants, or on the status of Plaintiff's compliance with the service order in the Court's December 2, 2015 order.

### B. Possible joinder of additional parties

Defendants do not anticipate joining additional parties.

### C. Expected or desired amendments to the pleadings

Defendants anticipate filing or, at the time of the Separate Statement, may have filed, a motion to dismiss pursuant to Rule 12(b). Defendants anticipate that the pleadings will be amended as required by the court's ruling on the motion.

### E. Jurisdiction and Venue

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. section 1441(a) in that it arises under Title VII sections 2000e through 2000e-17. Venue is appropriate in this judicial circuit under 28 U.S.C. section 1391, subdivision (b).

### F. Anticipated motions and the scheduling thereof

Defendants anticipate filing or, at the time of this Separate Statement, may have filed, a motion to dismiss under Rule 12(b). Defendants anticipate filing a motion for summary judgment or, alternatively, summary adjudication under Rule 56. Defendants request that the cutoff date for

filing dispositive motions be at least 100 days past the discovery cutoff. At this time Defendants to not anticipate filing any other motions.

**G.  Anticipated discovery and scheduling of discovery**

Generally, Defendants anticipate taking the deposition of Plaintiff, as well as the depositions of all witnesses that Plaintiff identifies during discovery. Defendants anticipate serving document requests, interrogatories, and some requests for admissions.

Plaintiff anticipates propounding document requests, admissions requests and interrogatories.

Defendants will need 10-11 months to complete discovery.

(1)  Defendants do not anticipate any necessary change in the scope or timing of initial disclosures under Rule 26.

(2)  Defendants anticipate that discovery will be needed regarding each of Plaintiff's claims for relief, and regarding Plaintiff's damage claims.

(3)  Given the uncertain state of the pleadings and the vagueness of the fact allegations contained in the Complaint, Defendants are unable to answer this question at this time. The court's ruling on Defendants' motion to dismiss under Rule 12(b) should clarify this issue.

(4)  Given the uncertain state of the pleadings and the vagueness of the fact allegations contained in the Complaint, Defendants are unable to answer this question at this time because it is not yet possible to determine what if any expert witnesses will be needed. The court's ruling on Defendants' motion to dismiss under Rule 12(b) should clarify this issue.

**H.  Future Proceedings**

Defendants estimate that they will need 10-11 months to complete discovery and request a discovery cutoff date in January 2017. Defendants request that the time for filing dispositive motions be cutoff approximately 70 days after the discovery cutoff. This will give Defendants time to prepare a motion for summary judgment. Defendants request that the trial date be scheduled approximately six (6) months after the cutoff for filing dispositive motions, so that the court and the parties will have ample time for a hearing regarding the motion for summary judgment and for preparing an order regarding the motion prior to the parties having to prepare

for trial.  Defendants request that the pretrial conference be scheduled approximately 90 days prior to the trial date.

### I. Appropriateness of special procedures

Defendants do not anticipate the need for special procedures at this time.  Plaintiff cannot determine whether special procedures are necessary at this time.  If the need arises the parties will timely notify the court.

### J. Estimate of trial time

Defendants anticipate that the case will require 3-5 court days to try.

### K. Alternative pretrial procedures

Defendants do not anticipate the need for alternative pretrial procedures at this time.

### L. Related cases

There are no related cases, including bankruptcy cases.

### M. Settlement conference

Defendants request a settlement conference date approximately 90 days before trial.

### N. Other matters

At this time Defendants are unaware of additional matters.

Dated:  February 1, 2016                             Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID J. NEILL
Supervising Deputy Attorney General


                          /S/  Bart E. Hightower
BART E. HIGHTOWER
Deputy Attorney General
*Attorneys for Defendant, State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

SA2015105940
12067470.doc

EXHIBIT A



**KAMALA D. HARRIS**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 322-5481
Facsimile: (916) 324-5567
E-Mail: Bart.Hightower@doj.ca.gov

January 25, 2016

**VIA FACSIMILE AND U.S. MAIL**
Daniel L. Mitchell
Law Offices of Daniel L. Mitchell
1151 Harbor Bay Parkway, Suite 121
Alameda, CA 94502

RE:   *Mercedes Padilla v. State of California, CDCR, et al.*
      United States District Court, Eastern District of California, Case No. 2:15-CV-02509-JAM-CKD

Dear Counsel:

On December 21, 2015, I mailed to your office a draft of the required joint statement. I have not heard from you regarding same. You have not responded to telephone messages I have left at your office. Please give me a call when you received this correspondence so that we can discuss finalizing the joint statement. If I do not hear from you soon Defendants will file a separate statement and notify the court of your decision not to participate in preparing a joint statement.

Sincerely,

BART E. HIGHTOWER
Deputy Attorney General

For   KAMALA D. HARRIS
      Attorney General

BEH

SA2015105940
12097567.doc



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 322-5481
Facsimile: (916) 324-5567
E-Mail: Bart.Hightower@doj.ca.gov

December 21, 2015

**VIA FACSIMILE AND U.S. MAIL**
Daniel L. Mitchell
Law Offices of Daniel L. Mitchell
1151 Harbor Bay Parkway, Suite 121
Alameda, CA 94502

RE: *Mercedes Padilla v. State of California, CDCR, et al.*
<u>United States District Court, Eastern District of California, Case No. 2:15-CV-02509-JAM-CKD</u>

Dear Counsel:

Enclosed please find a draft joint statement. This draft joint statement is sent to you in order to commence the meet-and-confer process mandated by the court's December 2, 2015 order requiring the parties to file a joint statement by February 1, 2016, 60 days after the removal of the action to federal court.

I have included in the joint statement Defendants' positions on the issues identified by the court. I anticipate that Plaintiff also will have positions on these issues. Please take a look at the draft joint statement and give me a call to discuss any additions or changes to the statement that you will require. I will make the changes and provide you with updated drafts of the joint statement until we have the document completed for filing. I look forward to hearing from you soon.

Sincerely,

BART E. HIGHTOWER
Deputy Attorney General

For KAMALA D. HARRIS
Attorney General

BEH
Encl.

SA2015105940
12067669.doc