UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES PADILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER; DOE 1; DOE 2; DOE 3; DOE 4; DOES 5-25,<br><br>　　　　Defendants. | No.   2:15-cv-02509-JAM-CKD<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

Plaintiff and alleged whistleblower Mercedes Padilla ("Padilla") claims that her employers at the California Department of Corrections and Rehabilitations ("CDCR") retaliated against her for reporting the misuse of federal grant money. Defendants seek dismissal of each of Padilla's eight claims for relief. For the reasons stated below, the Court grants in part and denies in part Defendants' motion to dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 21, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts, alleged by Padilla, are assumed to be true for the purposes of this motion.

Padilla was employed at the Department of Youth Authority ("DYA") and Division of Juvenile Justice ("DJJ") of the CDCR for approximately thirty-three years. Compl. ¶ 13. At the end of her career, she was "a Volunteer Program Manager and Supervisor/Foster Grandparent Program." Id.

Padilla is a Caucasian female who is over forty years old. Id. ¶ 14. She brings this claim against DYA, DJJ, and CDCR (collectively "Institutional Defendants"); Dan Valdez ("Valdez"), Erin Brock ("Brock"), and Donnie Alexander ("Alexander") (collectively "Individual Defendants"), who were her supervisors at Institutional Defendants; and the State of California.

Padilla reported to the federal government that the CDCR, DYA, and DJJ were improperly using federal grant money to pay off state debt. Id. ¶ 14(a). In response, Individual Defendants ordered Padilla to cease communicating with the federal government and to continue with her grant activities, despite the fact that such activities were fraudulent. Id. ¶¶ 14(b)-(c). Individual Defendants reprimanded and retaliated against Padilla for blowing the whistle on the misuse of federal funds. Id. ¶ 14(d). Specifically, defendants overworked her; altered her work; refused to respond to her complaints; accused her of shredding federal documents, taking keys, and embezzling money; denied her health benefits and workers' compensation benefits; and refused to allow her to enter the grounds of her work facility. Id. ¶ 14(e). Defendants also subjected Padilla to

2

1  verbal and physical abuse, denied her promotions and pay raises,
2  and refused to fully investigate Padilla's complaints or
3  acknowledge her psychological suffering.  Id. ¶¶ 14(f)-(i).  When
4  Padilla sought reassignment, Defendants refused to accommodate
5  her.  Id. ¶ 14(g).  In light of these events, Padilla was forced
6  to quit her job.  Id. ¶ 14(j).
7       Padilla then filed the operative complaint in San Joaquin
8  County Superior Court of California on November 13, 2015.  Id. at
9  1.  The first cause of action alleges violation of Article 1,
10 Section 8 of the California Constitution.  Id. at 7.  The second,
11 third, and fifth causes of action allege, respectively,
12 employment discrimination, harassment, and retaliation, in
13 violation of 42 United States Code sections 2000e through 2000e-
14 17 ("Title VII"), 42 United States Code section 1981 ("Section
15 1981"), and the California Fair Employment and Housing Act
16 ("FEHA"), California Government Code ("Government Code") Section
17 12900, et. seq.  Id. at 8, 13, 14.  The fourth cause of action
18 alleges a failure to provide an environment free from harassment,
19 in violation of Government Code section 12940(k).  Id. at 13.
20 Finally, causes of action six, seven, and eight respectively
21 allege violations of public policy, intentional infliction of
22 emotional distress, and negligent infliction of emotional
23 distress.  Id. at 16, 18, 19.  Each claim is submitted against
24 all of the defendants.  Padilla seeks general, incidental, and
25 punitive damages.  Id. at 20.
26      Defendants removed the case to federal court (Doc. #1) and
27 moved to dismiss the case or, in the alternative, for a more
28 definite statement (Doc. #5).  Specifically, Defendants move to

1  dismiss all of the counts alleged against the State of
2  California, arguing that Padilla failed to bring specific fact
3  allegations against the state.  Mot. at 3-4.  Defendants further
4  move to dismiss counts two, four, and five as against Individual
5  Defendants for failure to state a claim upon which relief can be
6  granted.  Id. at 4-6.  Defendants move to dismiss claims for
7  relief two, three, four, and five, arguing that the Court does
8  not have subject matter jurisdiction over these claims because
9  Padilla did not plead that she filed a timely administrative
10 claim.  Id. at 6-8.  Finally, Defendants move to dismiss claims
11 one, two, seven, and eight as against all defendants for lack of
12 subject matter jurisdiction because Padilla failed to plead
13 compliance with the claim presentation requirements of the
14 California Government Claims Act.  Id. at 8-11.  Alternatively,
15 Defendants ask that the Court order Padilla to submit a more
16 definite complaint under Federal Rule of Civil Procedure ("Rule")
17 12(e).  Id. at 11.
18     Padilla opposes dismissal and the motion for a more definite
19 statement (Doc. #6).
20
21                          II.   OPINION
22     A.   Analysis
23          1.   Allegations Against the State of California
24     Defendants move to dismiss all claims against the State of
25 California under Rule 12(b)(6) for failure to state a claim upon
26 which relief can be granted.  Defendants contend that Padilla
27 has not alleged a "single fact allegation alleging wrongdoing on
28 the part of the State of California, and therefore does not

4

state sufficient facts under any cognizable theory of recovery against the State." Mot. at 3. In opposition, Padilla claims that the "State of California and its Agencies are identified individually" in the complaint. Opp. at 4.

Padilla does, in fact makes multiple factual allegations against the State of California. Compl. ¶¶ 2-4, 10-11, 14-15, 21, 26-29, 32, 34, 37, 39, 41, 44, 47-48. For example, Padilla alleges under her seventh cause of action that "Defendants and each of them abused their position of authority toward plaintiff and engaged in conduct intended to humiliate plaintiff." Id. ¶ 44. Under the third cause of action, Padilla alleges that "Defendants, and each of them, knew of these harassing actions . . . yet failed to take immediate or any appropriate corrective action." Id. ¶ 34. The shorthand "defendants, and each of them" clearly includes the named defendant State of California. Defendants implicitly concede this point by not addressing Padilla's argument in their Reply brief.

Thus, the Court denies Defendants' motion to dismiss all of the claims against the State of California because the Court finds that Padilla has sufficiently alleged facts against the State.

2. Individual Liability for Management Decisions

Defendants move for dismissal of the second, fourth, and fifth claims for relief as to the Individual Defendants on the basis that individual supervisors cannot be held liable for retaliation or for "discrimination based upon management decisions that they make as part of their job duties." Mot. at 4. Padilla opposes Defendants' motion, arguing that "although

1  section 1981 does not directly state that retaliation claims are
2  actionable, it is now settled law that section 1981 prohibits
3  retaliation for filing a race discrimination claim (statutory or
4  administrative) or opposing race discrimination."  Opp. at 5.
5  In its Reply, Defendants clarify that "the second, fourth and
6  fifth claims for relief should be dismissed as to the
7  individually-named Defendants *in as far as those claims are*
8  *brought pursuant to the FEHA and/or Title VII*." Reply at 2
9  (emphasis added).  Thus, Defendants are moving to dismiss only
10 the FEHA and Title VII claims brought against Individual
11 Defendants in claims two, four, and five.
12       Defendants are correct that individual defendants cannot be
13 found personally liable under FEHA or Title VII for
14 discrimination or retaliation.  With respect to FEHA, California
15 law prohibits supervisors from being personally liable for
16 discrimination or for retaliation.  Reno v. Baird, 18 Cal.4th
17 640, 663 (1998) ("[I]ndividuals who do not themselves qualify as
18 employers may not be sued under the FEHA for alleged
19 discriminatory acts."); Jones v. Lodge at Torrey Pines P'ship,
20 42 Cal.4th 1158, 1173 (2008) (finding that even if an the
21 employer is liable for retaliation, "nonemployer individuals are
22 not personally liable for their role in that retaliation.").
23 Similarly, employees "cannot be held liable in their individual
24 capacities" for alleged violations of Title VII.  Montero v.
25 AGCO Corp., 19 F.Supp.2d 1143, 1146 (E.D. Cal. 1998) (granting
26 summary judgment for plaintiff's title VII claim against
27 individual defendants); see also Ortez v. Washington Cty., State
28 of Or., 88 F.3d 804, 808 (9th Cir. 1996) (affirming dismissal of

claims against individual employees because "employees cannot be held liable in their individual capacities under Title VII").

Thus, the FEHA and Title VII claims brought against Individual Defendants in the second, fourth, and fifth causes of action are dismissed. The defects associated with the FEHA and Title VII claims against Individual Defendants cannot be cured by amendment, so dismissal is with prejudice. Eminence Capital, LLC v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

### 3. Exhaustion of Administrative Remedies

Defendants move to dismiss the second, third, fourth, and fifth claims for relief against all defendants under Rule 12(b)(1) for lack of subject matter jurisdiction because Padilla failed to plead that she filed her administrative relief claims in a timely manner. Mot. at 6-8. In opposition, Padilla argues that paragraph nine of the complaint, which states "Plaintiff filed her Government Claim against defendants and each of them and thereafter she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing," qualifies as pleading a timely filing of her administrative claims.

A plaintiffs' FEHA claim must be filed with the Department of Fair Employment and Housing ("DFEH") within one year from the date upon which the alleged unlawful action occurred. Cal. Gov't. Code § 12960(d). If DFEH does not bring an action, it will provide the plaintiff with notice of his or her right to sue. Cal. Gov't. Code § 12965(b). The plaintiff must then bring

1  a private civil action within one year of receiving such notice.
2  Id.  Similarly, claims brought under Title VII must be filed
3  within 180 after the alleged unlawful employment practice
4  occurred or, if the plaintiff has initiated state proceedings,
5  the earlier of 300 days after the alleged unlawful practice and
6  thirty days after a state agency has terminated its review.  42
7  U.S.C. §2000e-5(e)(1).
8      Given these requirements, to properly plead a claim under
9  Title VII and FEHA, plaintiff must plead that she timely filed an
10 administrative claim.  As it stands, the complaint does not
11 allege that Padilla filed her administrative claims in a timely
12 manner.
13     If Padilla filed her claims in a timely fashion, then the
14 complaint can easily be amended to reflect the timeliness of her
15 claims.  Thus, the Court grants the motion to dismiss claims two,
16 three, four, and five, with leave to amend.  Eminence Capital,
17 316 F.3d at 1052 ("Absent prejudice . . . there exists a
18 presumption under Rule 15(a) in favor of granting leave to
19 amend.").
20         4.   Compliance with the Government Claims Act
21     Defendants move to dismiss Padilla's first, sixth, seventh,
22 and eighth claims for relief for failure to comply with the
23 Government Claims Act.  Cal. Gov't. Code §§ 900 et. seq.
24 Specifically, Defendants argue that the complaint does not set
25 forth facts that show either that Padilla filed a timely
26 complaint with the pertinent public entities or that she filed
27 this lawsuit in a timely manner.  Mot. at 8-10.  In opposition,
28 Padilla again argues that the allegation in paragraph nine of

the complaint, which sufficiently pleads compliance with the Government Claims Act.  Opp. at 6.

California law requires that "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board."  Cal. Gov't Code § 945.4.  California law requires that tort claims made against a public entity must be presented to that entity "not later than six months after the accrual of the cause of action."  Cal. Gov't Code § 911.2.  If the entity rejects the claim, the plaintiff then has six months after notice of the rejection to file a claim in federal or state court.  Cal. Gov't. Code §945.6.  "Failure to timely present a claim . . . to a public entity bars a plaintiff from filing a lawsuit against that entity." City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (2007).

The complaint contains no allegation that Padilla met the time requirements set out in the Government Claims Act.  The Court thus grants the motion to dismiss claims one, six, seven, and eight, with leave to amend.

### 5.   Section 1981 Claims

Finally, Defendants raised a new argument in their reply brief that Padilla's second, third, fifth, and sixth causes of action should be dismissed insofar as they are based on Section 1981 because employment in California is held by statute, not by contract.  Reply at 3-4.  New arguments cannot be raised in reply briefs, at least partly because it prevents the opposing

party from having an opportunity to respond. <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). As such, the Court has not considered this argument.

### III.  ORDER

For the reasons set forth above, the Court: DENIES Defendants' motion to dismiss all of the claims against the State of California; GRANTS WITH PREJUDICE Defendants' motion to dismiss the FEHA and Title VII claims brought against Individual Defendants under the second, fourth, and fifth causes of action; GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss claims two, three, four, and five; and GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss claims one, six, seven, and eight.

Padilla's amended complaint must be filed within twenty (20) days from the date of this order. Defendants' responsive pleadings are due within twenty (20) days thereafter. The Court advises that failure to cure the defects identified in this Order may be grounds for dismissal without further leave to amend. <u>Dick v. Am. Home Mortgage Servicing, Inc.</u>, CIV. 2:13-00201 WBS, 2013 WL 5299180, at *6 (E.D. Cal. 2013).

IT IS SO ORDERED.

Dated: February 18, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE