KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
BART E. HIGHTOWER, State Bar No. 207189
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 322-5481
  Fax:  (916) 324-5567
  E-mail:  Bart.Hightower@doj.ca.gov
*Attorneys for Defendants State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MERCEDES PADILLA,**<br><br>                      Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25.,**<br><br>                      Defendants. | 2:15-CV-02509-JAM-CKD<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br><br>[Fed. Rule of Civ. P. 8, 12(b)(1), 12(b)(6)]<br><br>Date: May 3, 2016<br>Time: 1:30 P.M.<br>Courtroom: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date: June 12, 2017<br>Action Filed:  November 13, 2015 |

**PRELIMINARY STATEMENT**

      Plaintiff Mercedes Padilla filed her Complaint for Damages in San Joaquin County Superior Court on November 13, 2015.  Plaintiff sues State of California acting by and through the Department of Corrections and Rehabilitation (CDCR), Department of Youth Authority (YA), Division of Juvenile Justice (DJJ), Dan Valdez, Erin Brock and Donnie Alexander.

1

On December 2, 2015, Defendants removed the action to the United States District Court for the Eastern District of California based upon 28 U.S.C. §§ 1331 and 1441(a), and the claim for relief sought pursuant to Title VII sections 2000e through 2000e-17, as stated in paragraphs 10, 11, 14, 15, in the Complaint, and in the second, third and fifth causes of action in the Complaint.  On December 2, 2015, Defendants gave timely and proper notice to all interested parties of the removal of the action to federal court.

Plaintiff brings claims for relief (stated as causes of action in the Complaint) as follows: (1) First Claim for violation of California Constitution, Article I, Section 8 as against all Defendants; (2) Second Claim for Relief for Employment Discrimination as against all Defendants;  (3) Third Claim for Relief for harassment as against all Defendants; (4) Fourth Claim for Relief for environment free from harassment as against all Defendants; (5) Fifth Claim for Relief for retaliation as against all Defendants; (6) Sixth Claim for Relief for violation of public policy as against all Defendants; (7) Seventh Claim for Relief for intentional infliction of emotional distress as against all Defendants; and (8) Eighth Claim for Relief for negligent infliction of emotional distress as against all Defendants.  (Complaint; pp. 7-19, Exhibit A.)  Plaintiff also prays for punitive/exemplary damages.  (Complaint; p. 20, Exhibit A.)

On December 29, 2015, Defendants filed their Motion to Dismiss or, Alternatively, for a More Definite Statement under Rule 12(b) and (e) of the Federal Rules of Civil Procedure.  On February 18, 2016, the court issues its order denying in part and granting in part Defendants' Motion to Dismiss.  (Order Denying in Part and Granting in Part Defendants' Motion to Dismiss, Exhibit B.)

**STANDARD OF REVIEW**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court examines whether a complaint "contains sufficient factual matter accepted as true, 'to state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed 2d 868 (2009), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).)  The court must construe the pleading in the light most favorable to the party opposing the motion.  The court must resolve all doubts in favor of the

pleader.  (*Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L. Ed. 2d 338 (1976).)

A court analyzes complaints using a two-step process.  First, the court identifies all legal conclusions "that are not entitled to the assumption of truth."  (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51, 173 L. Ed 2d 868 (2009).)  Second, the court must determine in the specific context of the case whether the facts, if believed, establish a plausible claim for relief.  (*Ashcroft* at 1950.)  A Rule 12(b)(6) dismissal can be based on either the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).)  Dismissal with prejudice is appropriate where it is apparent that the defects in the pleading cannot be cured by amendment.  (*DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).)

## LEGAL ARGUMENT

### I. THE ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT FILED AN AMENDED COMPLAINT NOR CURED THE DEFECTS IN THE ORIGINAL COMPLAINT AS THE COURT ORDERED.

On February 18, 2016, the court issued its order denying in part and granting in part Defendants' Motion to Dismiss and ordering that,

> Padilla's amended complaint must be filed within twenty (20) days from the date of this order.  Defendants' responsive pleadings are due within twenty (20) days thereafter.  The court advises that failure to cure the defects identified in this Order may be grounds for dismissal without further leave to amend. *Dick v. Am. Home Mortgage Servicing, Inc.,* CIV. 2:13-00201 WBS, 2013 WL 5299180, at *6 (E.D. Cal. 2013).

(Order Denying in Part and Granting in Part Defendants' Motion to Dismiss, Exhibit B.)  The court also warned Plaintiff that failure to cure the defects in the original Complaint by timely filing an amended complaint was grounds for and might result in the court dismissing the entire action.

> Although  leave to amend must be freely given, the court is not required to allow futile amendments. [Citation omitted.]  It is clear that further amendment will not help plaintiffs adequately plead at least some causes of action … As to the remaining causes of action, *plaintiffs are admonished that failure to cure the defects identified in*

> *this Order will be grounds for dismissal without further leave to amend.* [Emphasis added.]

(*Dick v. Am. Home Mortgage Servicing, Inc.,* 2013 U.S. Dist. LEXIS 133755.)

The defects that the court found in the Original Complaint, and which the court ordered Plaintiff to cure via an amended complaint, are as follows: (1) Plaintiff's second, third, fourth and fifth claims for relief were dismissed with leave to amend because Plaintiff did not plead that she timely filed administrative claims as required by Cal. Gov't Code §§ 12960(d) and 12965(b), and 42. U.S.C. § 2000e-5(e)(1); and (2) Plaintiff's first, sixth, seventh and eighth claims for relief were dismissed with leave to amend because Plaintiff failed to properly plead compliance with the requirements of the Government Claims Act, Cal. Gov't Code §§ 900 et. seq.  (Order Denying in Part and Granting in Part Defendants' Motion to Dismiss, Exhibit B.)  The court further ruled that,

> … the FEHA and Title VII claims brought against Individual Defendants in the second, fourth, and fifth causes of action are dismissed. The defects associated with the FEHA and Title VII claims against Individual Defendants cannot be cured by amendment, so dismissal is with prejudice.

(Order Denying in Part and Granting in Part Defendants' Motion to Dismiss, Exhibit B.)

Pursuant to the court's order, March 9, 2016, was the last day for Plaintiff to comply with the court's order and file an amended complaint that cured the defects in the original Complaint that are identified in the court's February 18, 2016 order.  To date, Plaintiff has not filed an amended complaint as ordered by the court.

Having not received email service of an amended complaint from the court, on March 15, 2016, counsel for Defendants, Bart E. Hightower, mailed correspondence to counsel for Plaintiff, Daniel L. Mitchell, informing him that the required amended complaint was due to be filed On March 9, 2016, advising him that the pleading was late, and requesting that he respond by immediately filing an amended complaint, or by providing defense counsel with legal authority why no amended complaint need be filed.  (March 15, 2016 correspondence from Bart E. Hightower to Daniel L. Mitchell, Exhibit C.)  To date, no amended complaint has been filed and Plaintiff's counsel has not responded to defense counsel's correspondence in any way.  Plaintiff

4

has informed neither defense counsel nor the court as to why no amended complaint was timely filed.  Consequently, Plaintiff's failure to file an amended complaint that cures the defects in the original Complaint as she was ordered to do, is without explanation, justification or excuse.

Plaintiff's failure to file an amended complaint is not surprising given the nature of the defects in the original Complaint.  The Complaint fails to allege exhaustion of administrative remedies and presentation of a tort claim to the State.  The allegations in the Complaint all arise out of Plaintiff's employment with Defendants, which ended September, 2012.  (See Complaint, ¶ 13, Exhibit A.)  These acts have time limitations that expired nearly three years before Plaintiff filed the instant lawsuit on November 13, 2015.  (See filing stamp on front of Complaint, Exhibit A.)  Consequently, curing these defects would involve more than mere artful pleading.  Either Plaintiff filed the required administrative claims within the mandatory time limits – here no more than one year after her employment ended in September of 2012 (California Government Code section 12960(d) and then filed her action within one year of receiving a right-to-sue letter (California Government Code section 12965(b) -- or she did not.  Similarly, Plaintiff either filed a government tort claim, at the latest, within six months after her employment ended in September of 2012 as required by California Government Code section 911.2, and then filed the instant lawsuit within six months of receiving a notice of rejection of her tort claim as required by California Government Code section 945.6, or she did not.  As noted by the court, **"If Padilla filed her claims in a timely fashion, then the complaint can easily be amended to reflect the timeliness of her claims."** [Emphasis added.]  (February 18, 2016 Order, Exhibit A.)  Equally true is the opposite fact that, *if Plaintiff did not file her clams in a timely fashion, then the complaint cannot be amended to reflect the timeliness of her claims.*  Plaintiff's failure to comply with the court's order and file an amended complaint that cures the defects in the original Complaint strongly suggests that Plaintiff cannot cure these defects because she did not timely file claims with DFEH, California Victim Compensation and Government Claims Board, and EEOC  as required by Government Code sections 12960(d), 12965(b), and 42. U.S.C. § 2000e-5(e)(1).

> If a complaint is dismissed for failure to state a claim, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. [Citation omitted.] A district court does not err in denying leave to amend where the amendment would be futile.

(*DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).) Accordingly, the court should dismiss the action with prejudice.

## II. THE ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

As stated above, and in Defendants' brief filed on December 29, 2016, in support of their Motion to Dismiss or, Alternatively, for a More Definite Statement, Plaintiff's failure to plead exhaustion of administrative remedies and filing of a government tort claim, deprived the court of subject matter jurisdiction over all of the claims for relief.  (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613-1614; *Rodriguez v. Airborne Express* 265 F.3d 890, 896-897 (9th Cir. 2001); *Greenlaw v. Garrett,* 59 F.3d 994, 997 (9th Cir. 1995).) Consequently, the first, second, third, fourth, fifth, sixth, seventh and eighth claims for relief should be dismissed with prejudice.

## III. THE SECOND, THIRD, FIFTH AND SIXTH CLAIMS FOR RELIEF SHOULD BE DISMISSED AS TO ALL DEFENDANTS BECAUSE STATE EMPLOYMENT IS HELD BY STATUTE AND NOT BY CONTRACT.

In 1991 Congress amended 42 U.S.C. § 1981 by adding subdivisions (b) and (c). Subdivision (b) provides that, "[f]or purposes of this Section, the term 'make and enforce contracts' includes making, performance, modification, and termination of contracts, and the enjoying of all benefits, privileges, terms, and conditions of the contractual relationship.'" (42 U.S.C. § 1981 subd. (b).) This provision of the statute expressly overruled the Supreme Court's narrow interpretation of the statute, stated in *Patterson v. Mclean Credit Union,* 491 U.S. 164, 109 S. Ct. 2721 (1989), that the statute protected only an individual's right to equal treatment, based on race, in the formation of contracts, and that section 1981 does not provide a vehicle for enforcing performance under a contract.

However, whether a contract right exists that is enforceable under section 1981 is a matter of state law. (*Murray v. National Broadcasting Co.* 844 F.2d 944 (2d Cir.) (1988).)  In *Murray*,

6

the court rejected Plaintiff's claim for relief under section 1981 because New York state law required an idea to be novel in order for it to be protected from infringement under New York property laws. Having found that the plaintiff's idea was not novel, the court granted summary judgment in favor of Defendants. "Although we agree with plaintiff that section 1981 does not speak in terms of property [citation omitted], section 1981 does require that there be a contract right underlying the claim." (*Murray, supra,* 844 F.2d (2d. Cir.) at 995 (1988).)

Employment with the State of California is held by statute and not by contract. (*Kemmerer v. County of Fresno* (1988) 200 Cal. App. 3d 1426.)

> Plaintiff's causes of action predicated upon the existence of a contract between him and the County are grounded upon the false premise that he served under a contract of employment which included an implied covenant of good faith and fair dealing. However, ". . . it is well settled in California that public employment *is not held by contract but by statute* . . . . Nor is any vested contractual right conferred on the public employee because he occupies a civil service position since it is equally well settled that '[the] terms and conditions of civil service employment are fixed by statute and not by contract.' [Emphasis added.]

*Kemmerer, supra,* 200 Cal. App. 3d at 1432; s*ee also Miller v. State of California* 18 Cal.3d 808 1977).)

The fact allegations common to all claims for relief are contained paragraphs 1-17 of the Complaint. (Complaint, Exhibit A.) Plaintiff bases her claims for relief two, three, five and six for discrimination, harassment, retaliation and violation of public policy, in part on section 1981. (Complaint; ¶¶ 23, 34, 39, 41, Exhibit A.) However, the Complaint fails to allege any state contract right underlying these claims for relief. Plaintiff does not allege that her employment with CDCR/California Youth Authority (CYA) was based upon contract. Plaintiff does allege that CDCR and CYA are agencies of the State of California but instead pleads that "the State of California and its Agencies (sic) are identified individually and as one of the 'defendants,' and each of them." (Complaint; ¶ 5, Exhibit A.) Consequently, any issue arising out of Plaintiff's former employment with the State or any of the state entity Defendants, does not arise out of a contract and thus cannot fall within the enforcement umbrella of section 1981. Accordingly, Plaintiff's claims for relief two, three, five and six should be dismissed as to all Defendants in as far as those claims for relief are based upon section 1981.

**CONCLUSION**

For the reasons stated above, the court should dismiss this action in its entirety under Rule 12(b)(1) and (6) and pursuant to *Dick v. Am Home Mortgage Servicing, Inc.*, CIV. 2:13-00201 WBS 2013 WL 5299180, at *6 (E.D. Cal. 2013), because Plaintiff has failed to timely file and amended complaint curing the defects in the original Complaint identified by the court in its February 18, 2016 order, and because Plaintiff has failed to comply with the court's February 18, 2016 order without good cause.

The court should further dismiss this action in its entirety and with prejudice because the court has no subject matter jurisdiction over the claims for relief stated in the original Complaint.

The court should further dismiss the second, third, fifth and sixth claims for relief of the original Complaint because Plaintiff's employment with the Defendants was held by statute and not by contract, and thus Plaintiff cannot state a cognizable claim for relief under 42 U.S.C. § 1981.

Dated:  March 21, 2016                          Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID J. NEILL
Supervising Deputy Attorney General


/S/_BART E. HIGHTOWER____
BART E. HIGHTOWER
Deputy Attorney General
*Attorneys for Defendants State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice*

SA2015105940
12182526.doc