1   KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2   DAVID J. NEILL, State Bar No. 186997
   Supervising Deputy Attorney General
3   BART E. HIGHTOWER, State Bar No. 207189
   Deputy Attorney General
4     1300 I Street, Suite 125
    P.O. Box 944255
5     Sacramento, CA 94244-2550
    Telephone:  (916) 322-5481
6     Fax:  (916) 324-5567
    E-mail:  Bart.Hightower@doj.ca.gov
7   *Attorneys for Defendants State of California,*
*Department of Corrections and Rehabilitation,*
8   *Department of Youth Authority, Division of Juvenile*
*Justice*
9

10               IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| **MERCEDES PADILLA,** | 2:15-CV-02509-JAM-CKD |
| Plaintiff, | **DECLARATION OF BART E. HIGHTOWER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** |
| v. | |
| | **[Fed. Rule of Civ. P. 8, 12(b)(1), 12(b)(6)]** |
| **STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25.,** | Date: May 3, 2016<br>Time: 1:30 P.M.<br>Courtroom: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date: June 12, 2017<br>Action Filed:  November 13, 2015 |
| Defendants. | |

I, Bart E. Hightower, declare the following:

1.    I am counsel of record for Defendants State of California, Department of Corrections

and Rehabilitation, Department of Youth Authority, and Division of Juvenile Justice in the above-

1

1    captioned matter.  I state the facts herein of my own personal knowledge and if called upon to

2    testify could and would competently so testify thereto.

3        2.    Attached hereto as Exhibit A is a true and correct copy of the Complaint for Damages

4    filed by Plaintiff herein.

5        3.    Attached hereto as Exhibit B is a true and correct copy of the court's February 18,

6    2016 order granting in part and denying in part Defendants' motion to dismiss.

7        4.    Attached hereto as Exhibit C is a true and correct copy of the March 15, 2016

8    correspondence that I mailed to Plaintiff's counsel Daniel L. Mitchell on that date.  In the

9    correspondence I inform counsel that, pursuant to the court's February 18, 2016 order, the

10   deadline for filing an amended complaint was March 9, 2016.  I further informed counsel that no

11   amended complaint had been filed to date.  I requested that counsel file an amended complaint

12   immediately or provide me with legal authority why no amended complaint is required to be

13   filed.  To date, I have received no communication from Mr. Mitchell, nor has an amended

14   complaint been filed.

15       I declare under penalty of perjury under the laws of the State of California that the

16   foregoing is true and correct.

17       EXECUTED this 21st day March, 2016, at Sacramento, California.

18

19                                          ____/S/  BART E. HIGHTOWER____
                                           BART E. HIGHTOWER
20

21

22   SA2015105940
     12179465.doc
23

24

25

26

27

28

2

EXHIBIT A

DANIEL L. MITCHELL (SBN34442)
Law Offices of
DANIEL L MITCHELL
1600  G Street, Suite 101
Modesto, California 95354
Telephone  510.864.8885
Fax  510.864.8898
Attorneys for Plaintiff

FILED
SUPERIOR COURT - STOCKTON

2015 NOV 13  PM 1: 53

ROSA JUNQUEIRO, CLERK

BY _____
              DEPUTY

$435 #7240

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

MERCEDES PADILLA,

                              Plaintiff,

v.

STATE OF CALIFORNIA; CALIFORNIA
DEPARTMENT OF CORRECTIONS &
REHABILITATION; DEPARTMENT OF
YOUTH AUTHORITY; DIVISION OF
JUVENILE JUSTICE; DAN VALDEZ;
ERIN BROCK; DONNIE ALEXANDER
DOE 1; DOE 2; DOE 3; DOE 4; DOES 5
to 25

No. STK-CV-UWT-2015-0010596

**COMPLAINT FOR DAMAGES:**

[1] Violation of Art I, Section 8;
[2] Employment Discrimination;
[3] Harassment;
[4] Employment Environment
[5] Retaliation
[6] Violation of Public Policy
[7] Intentional Infliction of Emotional Distress
[8] Negligent Infliction of Emotional Distress

COMES NOW plaintiff MERCEDES PERCELLA, and complains of defendants, and each of

them, and alleges as follows:

**COMPLAINT FOR DAMAGES**
Page 1

### *GENERAL ALLEGATIONS*

1.      Plaintiff does not know the true names or capacities, whether individual, partners or corporate, of the defendants sued herein as DOES 1 through 25, inclusive, and for that reason said defendants are sued under fictitious names and plaintiff prays leave to amend this Complaint when the true names and capacities are known.

2.      At all times herein mentioned, each of said defendants, including those defendants named herein as DOES, ratified and participated in the doing of the acts hereinafter alleged to have been done by the named defendants, and furthermore, the defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting individually and within the course and scope of said agency and employment.

3.      At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture and common enterprise and acting within the course and scope of and in pursuance of said joint venture and common enterprise.

4.      At all times herein mentioned, the acts and omissions of the various defendants, and each of them, ratified, concurred in and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

5.      Plaintiff is informed and believes and thereon alleges that defendants California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of

1  Juvenile Justice, along with Does 1 through 5, inclusive and each of them, were Agencies of the state of

2  California, sued herein in that capacity and were and are public entities organized and existing under the

3  laws of the state of California and subject to suit under the California Fair Employment and Housing

4
   Act, Government Code, Sees. 12900 et seq. ("FEHA"), in that said defendants are employers who

5
6  regularly employ five or more persons (collectively herein "Agency")

7
8      6.      At all times herein mentioned, defendant Dan Valdez, Erin Brock, Donnie Alexander

9  were the agents and/or employees for each defendant Agency and/or state of California (hereinafter

10 "Individual Defendants"). These defendant and DOES 1 through 10, inclusive, are the agent(s) of an

11 entity, subject to suit under FEHA. Defendants supervised plaintiff.

12
13     7.      Defendants DOES 10 through 25, inclusive, were and are employed by defendants

14 Agencies and state of California and DOES 1 through 25, inclusive, as managers, supervisors,

15 coordinators and administrators. At all times herein mentioned, said defendants were supervisory to

16 plaintiff.

17
18
19     8.      The unlawful employment practices complained of herein occurred at San Joaquin

20 County, California.

21
22
23     9.      Plaintiff filed her Government Claim against defendants and each of them and thereafter

24 she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing

25 ("DFEH").

26
      10.     Portions of this action are brought pursuant to the Fair Employment and Housing Act as

27
28 set forth in Sections 12900 et seq. of the California Government Code (FEHA), as well as Title VII of

the United States Code, sections 2000e through 2000e-17 (Title VII), and 42 USC §1981 to obtain relief

for plaintiff for discrimination in employment against plaintiff because of plaintiff's sex, age, race/color,

national origin/ancestry, association, compensation, terms, conditions, retaliation for engaging in

protective activity, privileges of her employment and equal employment opportunities. Plaintiff alleges

that she has been constructively terminated from her position with defendants, and each of them on

account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective

activity, association, compensation, terms, conditions, retaliation for engaging in protective activity,

privileges of her employment and equal employment opportunities in violation of those relevant

provisions of the FEHA, Title VII and 42 USC §1981. By this action plaintiff seeks the following relief,

pursuant to the FEHA , Title VII (§2000e-5(g) and (k)) and 42 USC §1981: monetary relief, including

back pay, front pay, attorney fees and costs of suit for terminating plaintiff on the basis of her sex,

race/color, national origin/ancestry, association, compensation, terms, conditions, retaliation for

engaging in protective activity, privileges of her employment and equal employment opportunities.

11.   Plaintiff alleges that she has been discriminated against, retaliated against, defamed and

harassed by defendants, and each of them, on account of her sex, age, race/color, national

origin/ancestry, retaliation for engaging in protective activity and association in violation of those

relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act

of 1866, 1871, and 1991 and 42 USC §1981. By this action plaintiff seeks the following relief

pursuant to the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866,

1871, and 1991 and 42 USC §1981: monetary relief, including back pay, front pay, attorney fees and

costs of suit for discrimination against and harassment of plaintiff on the basis of her sex, age,

race/color, national origin/ancestry, association and retaliation for engaging in protective activity

12.   Plaintiff is female and a resident of the County of San Joaquin, State of California.

13.     Plaintiff was a tenured employee of the state of California and an employee of the Depaartment of Corrections/CYA for at least 33 years until September 2012 as a Volunteer Program Manager and Supervisor/Foster Grandparent Program.

. 14.     Plaintiff a female, Caucasian over 40, has been discriminated against, retaliated against, defamed and harassed by defendants, and each of them, on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981;  harassment by defendants in the form of a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity, association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981, involving but not limited to:

(a)     Plaintiff's reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)     Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)      Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)      Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)      Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by forced overwork and vulnerability; for acts and omissions not her doing including errors in budgets involving federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like, all to plaintiff's damages as herein alleged.

(f)      The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)      Defendants refused to accommodate plaintiff when she sought reassignment such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)      Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)      Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation all to plaintiff's damages as herein alleged

15.     Plaintiff filed her Complaint of Discrimination against defendants, and each of them, for violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988 with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.

16.     Plaintiff received her Notice of Case Closure/Right to Sue Letter. .

17.     Plaintiff has exhausted her administrative remedies with respect to the filing of this civil action.

### First Cause of Action
[Violation of California Constitution, Article I, Section 8]
As to All Defendants

18.     Plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive as though set forth herein at length.

19.     Defendants' conduct, as alleged in this complaint, violated Article I, section 8 of the California Constitution, which establishes the State's fundamental public policy prohibiting the disqualification of a person from entering or pursuing a business, profession, vocation or employment because of sex, race, creed, color, or national or ethnic origin and retaliation for engaging in protective activity

20.     Defendants' actions have caused, and continue to cause, plaintiff substantial losses in earnings and other employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation, embarrassment and anguish, all to plaintiff's damage in amount according to proof.

21.     Defendants, and each of them, did the acts herein alleged maliciously, oppressively, and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive damages (except as to state of California and its entities) in an amount according to proof against said defendants, and each of them.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Second Cause of Action
[Employment Discrimination]
As To All Defendants

22.     Plaintiff incorporates herein by reference and realleges paragraphs 1 through 21 inclusive, as though set forth at length.

23.     At all times herein mentioned, defendants, state of California, and California Department of Corrections & Rehabilitation, Department of Youth Authority, Division of Juvenile Justice are entities  subject to suit under the California Fair Employment and Housing Act, Government Code section 12900, et seq. (FEHA) and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988 in that defendant is an employer who regularly employs five or more persons.

24.     In retaliation for plaintiff's complaints, Defendants subjected plaintiff to a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)     Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)     Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)     Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)     Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)     Plaintiff was retaliated against for reporting state and individual illegal manipulation of

federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)     The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.

25.     Defendants' failure to act or protect plaintiff was on pretextual grounds and not for good cause. Their reason(s) are a pretext for discrimination on account of plaintiff's sex, age, race/color, national origin/ancestry, association, because defendants knew, or should have

1  known, that the Individual Defendants were engaged in similar conduct with many other

2  employees and to take corrective action would expose defendants to liability for those acts.

26.    The discriminatory actions of defendants, and each of them, against plaintiff

constituted unlawful discrimination in employment on account of plaintiffs sex, age, race/color, national

origin/ancestry, retaliation for engaging in protective activity and association in violation of those

relevant sections of FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of

1866, 1871, and 1991 and 42 USC §1981 and §1988.

27.    The discriminatory actions of defendants, and each of them, against plaintiff, as

alleged above, are a substantial factor in causing plaintiff substantial losses in earnings and other

employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation,

embarrassment and anguish, all to plaintiff's damage in an amount according to proof. As a result of

such discrimination and consequent harm, plaintiff has suffered such damages in an uncertain amount.

Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has

been ascertained.

28.    The discriminatory misconduct of defendants, and each of them, is a substantial factor in

causing plaintiff to be harmed in that plaintiff has suffered the intangible loss of the employment-related

opportunities associated with working for defendants including job security and future employment. As

a result of such discrimination and consequent harm, plaintiff has suffered damages in an uncertain

amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when

it has been ascertained.

29.    The discriminatory misconduct of defendants, and each of them, is a substantial

1   factor in causing plaintiff to be harmed in that plaintiff has suffered humiliation, mental anguish,

2   emotional and physical distress, and has been hurt and injured in her health, strength, and activity,

3   sustaining injury to her body, shock and injury to her nervous system and person, and became sick, sore,

4
5   lame, and disabled, all of which said injuries have caused, and continue to cause, said plaintiff great

6   mental, physical, and nervous pain and suffering all to her general damage in a sum to be determined at

7   the trial of this matter. Plaintiff is informed, and believes, and thereon alleges that the amount of her

8   damages exceed the jurisdictional limits of the Superior Court of the State of California.

9
        30.     By reason of the above-mentioned premises, plaintiff was required to and did
10
11  employ physicians and surgeons to examine, treat, and care for her and did incur and continue to incur,

12  medical and incidental expense. This exact amount of such expense is unknown to plaintiff at this time,

13
    and she prays leave to amend this pleading to set forth the exact amount thereof when the same is finally
14
15  ascertained.

16      31.     By reason of the above-mentioned premises, plaintiff was prevented from engaging in her

17  usual occupation and in the future will be so prevented, all to her damage in an amount unknown to

18  plaintiff at this time, and plaintiff prays leave to amend this pleading to set forth the exact amount

19
    thereof when the same is finally ascertained.
20
21      32.     Defendants, and each of them, did the acts herein alleged maliciously, oppressively,

22  and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to

23  malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive

24
    damages (except as to state of California and its entities) in an amount according to proof against said
25
26  defendants, and each of them.

27

28      WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Third Cause of Action
[Harassment]
As To All Defendants

33.     Plaintiff incorporates by reference and realleges paragraphs 1 through 32 inclusive, herein, as though set forth at length.

34.     The conduct of the defendants, and each of them, was harassment in that it created a hostile work environment in violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988. Defendants, and each of them, knew of these harassing actions because the Individual Defendants had reputations and were known to engage in such conduct. Defendants knew, or should have known, of the above-described harassment, yet failed to take immediate or any appropriate corrective action to stop or prevent the harassment from reoccurring, thereby requiring plaintiff to be subjected to a hostile working environment.

35.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as herein set forth.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Fourth Cause of Action
[Environment Free from Harassment]
As to All Defendants

36.     Plaintiff incorporates by reference and realleges paragraph 1 through 35, inclusive, herein, as though set forth at length.

37.     Defendants, and each of them, failed to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code §12940(k), by engaging in the course of conduct set for the in paragraphs 1 through 35, among other things.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

*Fifth Cause of Action*
[Retaliation]
As to All Defendants

38.     Plaintiff incorporates by reference and realleges paragraph 1 through 37, inclusive, herein, as though set forth at length.

39.     Defendants, and each of them, have retaliated against plaintiff in violation of California Government Code §12940(h), by engaging in a course of retaliatory conduct, including among other things, the conduct set forth as follows::

In retaliation for plaintiff's complaints, Defendants subjected plaintiff to a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)     Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth

1  Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal

2  funds from grants received from the federal government, for purposes other than the Department of

3  Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice

4
5  to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and

6  conduct;

7      (b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to

8  potential liability was ordered by defendants, and each of them, to not communicate in any way with the

9  federal government.

10

11     (c)    Plaintiff was ordered to continue in her grant activities by defendants, and each of them,

12  when said defendants, and each of them, knew or should have known that such such manipulation of

13  funds was illegal and fraudulent

14
15     . (d)   Plaintiff's was reprimanded for reporting state and individual illegal manipulation of

16  federal funds to the federal government

17     (e)    Plaintiff was retaliated against for reporting state and individual illegal manipulation of

18  federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a

19
20  budgets indicating federal funds at risk; found her work had been altered; that her complaints to her

21  supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution

22  keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the

23  facility; was accused of embezzling money; was denied health benefits in a timely manner; was

24  denied workers' compensation benefits; and the like.

25

26     (f)    The Individual Defendants subjected plaintiff to verbal and psychological abuse;

27     ' (g)   Defendants refused to accommodate plaintiff when she sought reassignment;

28  such refusal was in violation of FEHA as set forth in §12900, et seq. of the

California Government Code;

(h)   Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)   Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)   Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Sixth Cause of Action
### [Violation of Public Policy]
### As To All Defendants

40.   Plaintiff incorporates by reference and realleges paragraph 1 through 39, inclusive, herein, as though set forth at length.

41.   Defendants, and each of them, discriminated and harassed plaintiff in her employment in violation of public policy and of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)      Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)      Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)      Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such such manipulation of funds was illegal and fraudulent

(d)      Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)      Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)      The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.

42.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as above.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Seventh Cause of Action
[Intentional Infliction of Emotional Distress]
As To All Defendants

43.     Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 42.

44.     The conduct set forth hereinabove was extreme and outrageous and an abuse of

1  the authority and position of defendants and each of them. Said conduct was intended to cause severe

2  emotional distress, or was done in conscious disregard of the probability of causing such distress. Said

3  conduct exceeds the inherent risks of employment and was not the sort of conduct normally expected to

4  occur in the workplace. Defendants and each of them abused their position of authority toward plaintiff

5  and engaged in conduct intended to humiliate plaintiff and to convey the message that she was

6  powerless to defend her rights. Defendants abused their authority and directly injured plaintiff by its

7

8  ratification of the Individual Defendants acts in failing to protect plaintiff.

9      45.      The foregoing conduct did in fact cause plaintiff to suffer extreme emotional distress. As

10 a proximate result of said conduct plaintiff suffered embarrassment, anxiety, humiliation and emotional

11 distress, and psychiatric depression and will continue to suffer said emotional distress in the future in an

12 amount according to proof.

13

14     WHEREFORE plaintiff prays judgment as more particularly set forth below.

15                          *Eighth Cause of Action*
                      [Negligent Infliction of Emotional Distress]
16                              As To All Defendants

17

18

19     46.      Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45.

20     47.      In carrying out the above conduct defendants, and each of them, breached a duty owed

21 to plaintiff to provide a workplace free from unfair treatment,  discrimination and retaliation and abused

22 their positions of authority toward her. Said conduct exceeded the inherent risks of employment and was

23 not the sort of conduct normally expected to occur in the workplace. Defendants violated said duty

24 directly by ratifying the conduct of the Individual Defendants.

25

26

27

28

48.     Defendants, and each of them, knew or should have known that said conduct would cause plaintiff extreme emotional distress. As a proximate result of defendants negligent conduct plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish, psychiatric depression and emotional distress in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

      1. General damages in an amount to be proven at the time of trial;

      2. All special and incidental damages according to proof;

      3. Punitive damages according to proof;

      4. Attorneys fees herein incurred;

      5. All costs of suit; and

      6. Such other and further relief as the Court deems proper in the premises.

Law Offices of
DANIEL L. MITCHELL

By _____
Attorney for Plaintiff Padilla

EXHIBIT  B

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   MERCEDES PADILLA,                No.  2:15-cv-02509-JAM-CKD

11              Plaintiff,

12        v.                          ORDER DENYING IN PART AND
                                      GRANTING IN PART DEFENDANTS'
13   STATE OF CALIFORNIA; CALIFORNIA  MOTION TO DISMISS
     DEPARTMENT OF CORRECTIONS AND
14   REHABILITATION; DEPARTMENT OF
     YOUTH AUTHORITY; DIVISION OF
15   JUVENILE JUSTICE; DAN VALDEZ;
     ERIN BROCK; DONNIE ALEXANDER;
16   DOE 1; DOE 2; DOE 3; DOE 4;
     DOES 5-25,
17
                Defendants.
18

19        Plaintiff and alleged whistleblower Mercedes Padilla

20   ("Padilla") claims that her employers at the California

21   Department of Corrections and Rehabilitations ("CDCR") retaliated

22   against her for reporting the misuse of federal grant money.

23   Defendants seek dismissal of each of Padilla's eight claims for

24   relief.  For the reasons stated below, the Court grants in part

25   and denies in part Defendants' motion to dismiss.[1]

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for August 21, 2013.

                                  1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts, alleged by Padilla, are assumed to be true for the purposes of this motion.

Padilla was employed at the Department of Youth Authority ("DYA") and Division of Juvenile Justice ("DJJ") of the CDCR for approximately thirty-three years.  Compl. ¶ 13.  At the end of her career, she was "a Volunteer Program Manager and Supervisor/Foster Grandparent Program."  Id.

Padilla is a Caucasian female who is over forty years old. Id. ¶ 14.  She brings this claim against DYA, DJJ, and CDCR (collectively "Institutional Defendants"); Dan Valdez ("Valdez"), Erin Brock ("Brock"), and Donnie Alexander ("Alexander") (collectively "Individual Defendants"), who were her supervisors at Institutional Defendants; and the State of California.

Padilla reported to the federal government that the CDCR, DYA, and DJJ were improperly using federal grant money to pay off state debt.  Id. ¶ 14(a).  In response, Individual Defendants ordered Padilla to cease communicating with the federal government and to continue with her grant activities, despite the fact that such activities were fraudulent.  Id. ¶¶ 14(b)-(c). Individual Defendants reprimanded and retaliated against Padilla for blowing the whistle on the misuse of federal funds.  Id. ¶ 14(d).  Specifically, defendants overworked her; altered her work; refused to respond to her complaints; accused her of shredding federal documents, taking keys, and embezzling money; denied her health benefits and workers' compensation benefits; and refused to allow her to enter the grounds of her work facility.  Id. ¶ 14(e).  Defendants also subjected Padilla to

2

1   verbal and physical abuse, denied her promotions and pay raises,

2   and refused to fully investigate Padilla's complaints or

3   acknowledge her psychological suffering.  Id. ¶¶ 14(f)-(i).  When

4   Padilla sought reassignment, Defendants refused to accommodate

5   her.  Id. ¶ 14(g).  In light of these events, Padilla was forced

6   to quit her job.  Id. ¶ 14(j).

7       Padilla then filed the operative complaint in San Joaquin

8   County Superior Court of California on November 13, 2015.  Id. at

9   1.  The first cause of action alleges violation of Article 1,

10  Section 8 of the California Constitution.  Id. at 7.  The second,

11  third, and fifth causes of action allege, respectively,

12  employment discrimination, harassment, and retaliation, in

13  violation of 42 United States Code sections 2000e through 2000e-

14  17 ("Title VII"), 42 United States Code section 1981 ("Section

15  1981"), and the California Fair Employment and Housing Act

16  ("FEHA"), California Government Code ("Government Code") Section

17  12900, et. seq.  Id. at 8, 13, 14.  The fourth cause of action

18  alleges a failure to provide an environment free from harassment,

19  in violation of Government Code section 12940(k).  Id. at 13.

20  Finally, causes of action six, seven, and eight respectively

21  allege violations of public policy, intentional infliction of

22  emotional distress, and negligent infliction of emotional

23  distress.  Id. at 16, 18, 19.  Each claim is submitted against

24  all of the defendants.  Padilla seeks general, incidental, and

25  punitive damages.  Id. at 20.

26      Defendants removed the case to federal court (Doc. #1) and

27  moved to dismiss the case or, in the alternative, for a more

28  definite statement (Doc. #5).  Specifically, Defendants move to

3

1  dismiss all of the counts alleged against the State of

2  California, arguing that Padilla failed to bring specific fact

3  allegations against the state.  Mot. at 3-4.  Defendants further

4  move to dismiss counts two, four, and five as against Individual

5  Defendants for failure to state a claim upon which relief can be

6  granted.  Id. at 4-6.  Defendants move to dismiss claims for

7  relief two, three, four, and five, arguing that the Court does

8  not have subject matter jurisdiction over these claims because

9  Padilla did not plead that she filed a timely administrative

10  claim.  Id. at 6-8.  Finally, Defendants move to dismiss claims

11  one, two, seven, and eight as against all defendants for lack of

12  subject matter jurisdiction because Padilla failed to plead

13  compliance with the claim presentation requirements of the

14  California Government Claims Act.  Id. at 8-11.  Alternatively,

15  Defendants ask that the Court order Padilla to submit a more

16  definite complaint under Federal Rule of Civil Procedure ("Rule")

17  12(e).  Id. at 11.

18       Padilla opposes dismissal and the motion for a more definite

19  statement (Doc. #6).

20

21                        II.   OPINION

22       A.   Analysis

23            1.   Allegations Against the State of California

24       Defendants move to dismiss all claims against the State of

25  California under Rule 12(b)(6) for failure to state a claim upon

26  which relief can be granted.  Defendants contend that Padilla

27  has not alleged a "single fact allegation alleging wrongdoing on

28  the part of the State of California, and therefore does not

4

1   state sufficient facts under any cognizable theory of recovery

2   against the State."  Mot. at 3.  In opposition, Padilla claims

3   that the "State of California and its Agencies are identified

4   individually" in the complaint.  Opp. at 4.

5        Padilla does, in fact makes multiple factual allegations

6   against the State of California.  Compl. ¶¶ 2-4, 10-11, 14-15,

7   21, 26-29, 32, 34, 37, 39, 41, 44, 47-48.  For example, Padilla

8   alleges under her seventh cause of action that "Defendants and

9   each of them abused their position of authority toward plaintiff

10  and engaged in conduct intended to humiliate plaintiff."  Id. ¶

11  44.  Under the third cause of action, Padilla alleges that

12  "Defendants, and each of them, knew of these harassing actions .

13  . . yet failed to take immediate or any appropriate corrective

14  action."  Id. ¶ 34.  The shorthand "defendants, and each of them"

15  clearly includes the named defendant State of California.

16  Defendants implicitly concede this point by not addressing

17  Padilla's argument in their Reply brief.

18       Thus, the Court denies Defendants' motion to dismiss all of

19  the claims against the State of California because the Court

20  finds that Padilla has sufficiently alleged facts against the

21  State.

22            2.   Individual Liability for Management Decisions

23       Defendants move for dismissal of the second, fourth, and

24  fifth claims for relief as to the Individual Defendants on the

25  basis that individual supervisors cannot be held liable for

26  retaliation or for "discrimination based upon management

27  decisions that they make as part of their job duties."  Mot. at

28  4.  Padilla opposes Defendants' motion, arguing that "although

                                5

1  section 1981 does not directly state that retaliation claims are

2  actionable, it is now settled law that section 1981 prohibits

3  retaliation for filing a race discrimination claim (statutory or

4  administrative) or opposing race discrimination." Opp. at 5.

5  In its Reply, Defendants clarify that "the second, fourth and

6  fifth claims for relief should be dismissed as to the

7  individually-named Defendants *in as far as those claims are*

8  *brought pursuant to the FEHA and/or Title VII.*" Reply at 2

9  (emphasis added). Thus, Defendants are moving to dismiss only

10  the FEHA and Title VII claims brought against Individual

11  Defendants in claims two, four, and five.

12       Defendants are correct that individual defendants cannot be

13  found personally liable under FEHA or Title VII for

14  discrimination or retaliation. With respect to FEHA, California

15  law prohibits supervisors from being personally liable for

16  discrimination or for retaliation. Reno v. Baird, 18 Cal.4th

17  640, 663 (1998) ("[I]ndividuals who do not themselves qualify as

18  employers may not be sued under the FEHA for alleged

19  discriminatory acts."); Jones v. Lodge at Torrey Pines P'ship,

20  42 Cal.4th 1158, 1173 (2008) (finding that even if an the

21  employer is liable for retaliation, "nonemployer individuals are

22  not personally liable for their role in that retaliation.").

23  Similarly, employees "cannot be held liable in their individual

24  capacities" for alleged violations of Title VII. Montero v.

25  AGCO Corp., 19 F.Supp.2d 1143, 1146 (E.D. Cal. 1998) (granting

26  summary judgment for plaintiff's title VII claim against

27  individual defendants); see also Ortez v. Washington Cty., State

28  of Or., 88 F.3d 804, 808 (9th Cir. 1996) (affirming dismissal of

6

1   claims against individual employees because "employees cannot be

2   held liable in their individual capacities under Title VII").

3        Thus, the FEHA and Title VII claims brought against

4   Individual Defendants in the second, fourth, and fifth causes of

5   action are dismissed.  The defects associated with the FEHA and

6   Title VII claims against Individual Defendants cannot be cured

7   by amendment, so dismissal is with prejudice.  Eminence Capital,

8   LLC v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)

9   ("Dismissal with prejudice and without leave to amend is not

10  appropriate unless it is clear on de novo review that the

11  complaint could not be saved by amendment.").

12              3.   Exhaustion of Administrative Remedies

13       Defendants move to dismiss the second, third, fourth, and

14  fifth claims for relief against all defendants under Rule

15  12(b)(1) for lack of subject matter jurisdiction because Padilla

16  failed to plead that she filed her administrative relief claims

17  in a timely manner.  Mot. at 6-8.  In opposition, Padilla argues

18  that paragraph nine of the complaint, which states "Plaintiff

19  filed her Government Claim against defendants and each of them

20  and thereafter she filed a claim for violations of the FEHA with

21  the Department of Fair Employment and Housing," qualifies as

22  pleading a timely filing of her administrative claims.

23       A plaintiffs' FEHA claim must be filed with the Department

24  of Fair Employment and Housing ("DFEH") within one year from the

25  date upon which the alleged unlawful action occurred.  Cal.

26  Gov't. Code § 12960(d).  If DFEH does not bring an action, it

27  will provide the plaintiff with notice of his or her right to

28  sue.  Cal. Gov't. Code § 12965(b).  The plaintiff must then bring

                                    7

1   a private civil action within one year of receiving such notice.

2   Id.  Similarly, claims brought under Title VII must be filed

3   within 180 after the alleged unlawful employment practice

4   occurred or, if the plaintiff has initiated state proceedings,

5   the earlier of 300 days after the alleged unlawful practice and

6   thirty days after a state agency has terminated its review.  42

7   U.S.C. §2000e-5(e)(1).

8       Given these requirements, to properly plead a claim under

9   Title VII and FEHA, plaintiff must plead that she timely filed an

10  administrative claim.  As it stands, the complaint does not

11  allege that Padilla filed her administrative claims in a timely

12  manner.

13      If Padilla filed her claims in a timely fashion, then the

14  complaint can easily be amended to reflect the timeliness of her

15  claims.  Thus, the Court grants the motion to dismiss claims two,

16  three, four, and five, with leave to amend.  Eminence Capital,

17  316 F.3d at 1052 ("Absent prejudice . . . there exists a

18  presumption under Rule 15(a) in favor of granting leave to

19  amend.").

20              4.   Compliance with the Government Claims Act

21      Defendants move to dismiss Padilla's first, sixth, seventh,

22  and eighth claims for relief for failure to comply with the

23  Government Claims Act.  Cal. Gov't. Code §§ 900 et. seq.

24  Specifically, Defendants argue that the complaint does not set

25  forth facts that show either that Padilla filed a timely

26  complaint with the pertinent public entities or that she filed

27  this lawsuit in a timely manner.  Mot. at 8-10.  In opposition,

28  Padilla again argues that the allegation in paragraph nine of

8

1   the complaint, which sufficiently pleads compliance with the

2   Government Claims Act.   Opp. at 6.

3       California law requires that "no suit for money or damages

4   may be brought against a public entity . . . until a written

5   claim therefor has been presented to the public entity and has

6   been acted upon by the board, or has been deemed to have been

7   rejected by the board."   Cal. Gov't Code § 945.4.   California

8   law requires that tort claims made against a public entity must

9   be presented to that entity "not later than six months after the

10  accrual of the cause of action."   Cal. Gov't Code § 911.2.   If

11  the entity rejects the claim, the plaintiff then has six months

12  after notice of the rejection to file a claim in federal or

13  state court.   Cal. Gov't. Code §945.6.   "Failure to timely

14  present a claim . . . to a public entity bars a plaintiff from

15  filing a lawsuit against that entity."   City of Stockton v.

16  Superior Court, 42 Cal.4th 730, 738 (2007).

17      The complaint contains no allegation that Padilla met the

18  time requirements set out in the Government Claims Act.   The

19  Court thus grants the motion to dismiss claims one, six, seven,

20  and eight, with leave to amend.

21

22              5.   Section 1981 Claims

23      Finally, Defendants raised a new argument in their reply

24  brief that Padilla's second, third, fifth, and sixth causes of

25  action should be dismissed insofar as they are based on Section

26  1981 because employment in California is held by statute, not by

27  contract.   Reply at 3-4.   New arguments cannot be raised in

28  reply briefs, at least partly because it prevents the opposing

                                9

1   party from having an opportunity to respond.  Zamani v. Carnes,

2   491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not

3   consider arguments raised for the first time in a reply

4   brief.").  As such, the Court has not considered this argument.

5

6                        III.   ORDER

7        For the reasons set forth above, the Court: DENIES

8   Defendants' motion to dismiss all of the claims against the State

9   of California; GRANTS WITH PREJUDICE Defendants' motion to

10  dismiss the FEHA and Title VII claims brought against Individual

11  Defendants under the second, fourth, and fifth causes of action;

12  GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss claims

13  two, three, four, and five; and GRANTS WITH LEAVE TO AMEND

14  Defendants' motion to dismiss claims one, six, seven, and eight.

15       Padilla's amended complaint must be filed within twenty (20)

16  days from the date of this order.  Defendants' responsive

17  pleadings are due within twenty (20) days thereafter.  The Court

18  advises that failure to cure the defects identified in this Order

19  may be grounds for dismissal without further leave to amend.

20  Dick v. Am. Home Mortgage Servicing, Inc., CIV. 2:13-00201 WBS,

21  2013 WL 5299180, at *6 (E.D. Cal. 2013).

22       IT IS SO ORDERED.

23  Dated: February 18, 2016

24

25                                        JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE

26

27

28

                              10

EXHIBIT C



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 322-5481
Facsimile: (916) 324-5567
E-Mail: Bart.Hightower@doj.ca.gov

March 15, 2016

Daniel L. Mitchell
Law Offices of Daniel L. Mitchell
1151 Harbor Bay Parkway, Suite 121
Alameda, CA 94502

RE:   *Mercedes Padilla v. State of California, CDCR, et al.*
      USDC, Eastern Dist. of California, Case No. 2:15-CV-02509-JAM-CKD

Dear Counsel:

I am writing to meet and confer with you about Plaintiff's overdue Rule 26 Disclosure, and Plaintiff's overdue amended complaint.

FRCP Rule 26(C) required the parties to make initial disclosures within 14 days after having conferred as required by Rule 16(f). You did not respond to my letters seeking to meet and confer with you regarding the court-ordered joint statement. Consequently, the court issued the scheduling order on February 4, 2016 based upon a separate statement from Defendants. To date, Plaintiff has not served any initial disclosure pursuant to Rule 26(a)(1). Please provide the overdue initial disclosure immediately, or provide some authority for why Plaintiff has failed to serve the initial disclosure.

On February 18, 2016, the court issued its order granting in part and denying in part Defendants' motion to dismiss. The court also ordered Plaintiff to file an amended complaint within 20 days of the order. The amended complaint was due to be filed and served on March 9, 2016. To date, no amended complaint has been filed or served. Please, file an amended complaint immediately, or provide legal authority why no amended complaint has been filed or served. If Plaintiff does not file an amended complaint, Defendants will move to dismiss the action.

Sincerely,

BART E. HIGHTOWER
Deputy Attorney General
For   KAMALA D. HARRIS
      Attorney General

BEH
SA2015105940    12173031.doc