1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  DAVID J. NEILL, State Bar No. 186997
   Supervising Deputy Attorney General
3  BART E. HIGHTOWER, State Bar No. 207189
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 322-5481
6    Fax:  (916) 324-5567
     E-mail:  Bart.Hightower@doj.ca.gov
7  *Attorneys for Defendants State of California,
   Department of Corrections and Rehabilitation,
8  Department of Youth Authority, Division of Juvenile
   Justice, Dan Valdez, Erin Brock and Donnie
9  Alexander*

10                IN THE UNITED STATES DISTRICT COURT

11                FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MERCEDES PADILLA,** | 2:15-CV-02509-JAM-CKD |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| **STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; DEPARTMENT OF YOUTH AUTHORITY; DIVISION OF JUVENILE JUSTICE; DAN VALDEZ; ERIN BROCK; DONNIE ALEXANDER DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 TO 25.,** | [Fed. Rule of Civ. P. 8, 12(C)]<br><br>Date: August 9, 2016<br>Time: 1:30 P.M.<br>Courtroom: 6<br>Judge:  The Honorable John A. Mendez<br>Trial Date: June 12, 2017<br>Action Filed:   November 13, 2015 |
| Defendants. | |

**PRELIMINARY STATEMENT**

The second, third, fourth and fifth causes of action brought pursuant to 42 U.S.C.A. section 1981, should be dismissed because employment with the State of California is held by statute and not by contract, and Plaintiff has failed to allege facts establishing any cause of action pursuant to section 1981. The employer/employee relationship alleged in the Complaint establishes that Plaintiff cannot amend the Complaint to allege a cause of action pursuant to section 1981 as a matter of law.

The claims against the individually-named Defendants set forth in the first, seventh and eighth causes of action should be dismissed because state employees are immune from common law causes of action. Additionally, the claims in the seventh and eighth causes of action should be dismissed because Worker's Compensation is the exclusive remedy for these claims. Because these are the only causes of action remaining, Defendants request that the court grant the motion and dismiss the action with prejudice.

**PROCEDURAL HISTORY**

Plaintiff Mercedes Padilla filed her Complaint for Damages in San Joaquin County Superior Court on November 13, 2015. On December 2, 2015, Defendants removed the action to the United States District Court for the Eastern District of California based upon 28 U.S.C. §§ 1331 and 1441(a), and the claim for relief sought pursuant to Title VII sections 2000e through 2000e-17, as stated in paragraphs 10, 11, 14, 15, in the Complaint, and in the second, third and fifth causes of action in the Complaint.

On December 29, 2015, Defendants filed their Motion to Dismiss or, Alternatively, for a More Definite Statement. (Fed. Rule of Civ. P. 12(b) and (e).) On February 18, 2016, the court issued its order denying in part and granting in part Defendants' Motion to Dismiss dismissing with prejudice the FEHA and Title VII claims brought against the individual Defendants in the second, fourth and fifth causes of action.

On March 21, 2016, Defendants filed a second motion to dismiss. On May 11, 2016, the court issued its order granting in part and denying in part Defendants' motion dismissing with prejudice: (1) the FEHA and title VII claims brought in the second, third, fourth, and sixth causes

1

of action against all Defendants; (2) the first, sixth and seventh causes of action as against the entity Defendants. and (3) Plaintiff's Sixth Cause of Action in its entirety.

The only remaining causes of action are: (1) the first, seventh and eighth causes of action against the individual defendants; and (2) the section 1981 claims purportedly brought in the second, third, fourth and fifth causes of action against all Defendants.

## STANDARD OF REVIEW

Courts review motions for judgment on the pleadings in the same manner as motions to dismiss. (*Christy v. We the People Forms & Serv. Ctrs., United States, Inc.*, 213 F.R.D. 235, 238 (D.N.J. 2003.) In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court examines whether a complaint "contains sufficient factual matter accepted as true, 'to state a claim to relief that is not merely possible, but is <u>plausible</u> on its face.'" (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed 2d 868 (2009), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).) The court must construe the pleading in the light most favorable to the party opposing the motion. The court must resolve all doubts in favor of the pleader. (*Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L. Ed. 2d 338 (1976).)

A court analyzes complaints using a two-step process. First, the court identifies all legal conclusions "that are not entitled to the assumption of truth." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51, 173 L. Ed 2d 868 (2009).) Second, the court must determine in the specific context of the case whether the facts, if believed, establish a plausible claim for relief. (*Id.* at 1950.) A Rule 12(b)(6) dismissal can be based on either the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).) Dismissal with prejudice is appropriate where it is apparent that the defects in the pleading cannot be cured by amendment. (*DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).)

/ / /

/ / /

**LEGAL ARGUMENT**

**I.  THE SECTION 1981 CLAIMS IN PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION SHOULD BE DISMISSED AS TO ALL DEFENDANTS BECAUSE STATE EMPLOYMENT IS HELD BY STATUTE AND NOT BY CONTRACT.**

The second, third, fourth and fifth causes of action contain allegations of employment discrimination, harassment, hostile work environment and retaliation, all allegedly related to Plaintiff's employment with CDCR.  However, section 1981 protects only the individual right of contract.  As a matter of law, Plaintiff's employment with the State of California was held by statute and by contract.  Consequently, these causes of action brought pursuant to section 1981 must fail.

In 1991 Congress amended 42 U.S.C. § 1981 by adding subdivisions (b) and (c). Subdivision (b) provides that, "[f]or purposes of this Section, the term 'make and enforce contracts' includes making, performance, modification, and termination of contracts, and the enjoying of all benefits, privileges, terms, and conditions of the contractual relationship.'" (42 U.S.C. § 1981 subd. (b).) This provision of the statute expressly overruled the Supreme Court's narrow interpretation of the statute, stated in *Patterson v. Mclean Credit Union,* 491 U.S. 164, 109 S. Ct. 2721 (1989), that the statute protected only an individual's right to equal treatment, based on race, in the formation of contracts, and that section 1981 does not provide a vehicle for enforcing performance under a contract.

However, whether a contract right exists that is enforceable under section 1981 is a matter of state law.  (*Murray v. National Broadcasting Co.* 844 F.2d 944 (2d Cir. 1988).)  In *Murray*, the court rejected Plaintiff's claim for relief under section 1981 because New York state law required an idea to be novel in order for it to be protected from infringement under New York property laws.  Having found that the plaintiff's idea was not novel, the court granted summary judgment in favor of Defendants.  "Although we agree with plaintiff that section 1981 does not speak in terms of property [citation omitted], section 1981 does require that there be a contract right underlying the claim." (*Murray, supra,* at 995.)

Employment with the State of California is held by statute and not by contract. (*Kemmerer v. County of Fresno* (1988) 200 Cal. App. 3d 1426.)

> Plaintiff's causes of action predicated upon the existence of a contract between him and the County are grounded upon the false premise that he served under a contract of employment which included an implied covenant of good faith and fair dealing. However, ". . . it is well settled in California that public employment *is not held by contract but by statute* . . . . Nor is any vested contractual right conferred on the public employee because he occupies a civil service position since it is equally well settled that '[the] terms and conditions of civil service employment are fixed by statute and not by contract.' [Emphasis added.]

(*Kemmerer, supra,* 200 Cal. App. 3d at 1432; s*ee also Miller v. State of California*, 18 Cal.3d 808, 813-814 (1977).)

The fact allegations common to all causes of action are contained in paragraphs 1-17 of the Complaint. (Complaint; ¶¶ 1-17, Exhibit A.) Plaintiff bases her second, third, fourth and fifth causes of action (for discrimination, harassment, and retaliation) on section 1981.[1] (Complaint; ¶¶ 23, 34, 39, Exhibit A.) However, Plaintiff admits that CDCR and CYA are agencies of the State of California and alleges that "the State of California and its Agencies (sic) are identified individually and as one of the 'defendants,' and each of them." (Complaint; ¶ 5, Exhibit A.) Plaintiff does not allege that her section 1981 claims are based on a state contract right. Instead, Plaintiff alleges that she was "a tenured employee of the state (sic) of California and an employee of the Department of Corrections/CYA for at least 33 years until September 2012 … ." (Complaint; ¶ 13, Exhibit A.) Because Plaintiff's employment with the state or its entities cannot, as a matter of law, be based in contract, any issue arising out of Plaintiff's former employment with these state-entity Defendants, cannot fall within the enforcement umbrella of section 1981. (*Kemmerer, supra,* 200 Cal. App. 3d at 1432; s*ee also Miller v. State of California*,

---

[1] Plaintiff's Fourth Cause of Action consists of paragraphs 36 and 37. Paragraph 36 incorporates by reference paragraphs 1-35. Paragraph 37 states California Government Code section 12940(k), a provision of the FEHA, as the sole statutory basis of the Fourth Cause of Action. However, in its May 11, 2016 order granting in part and denying in part Defendants' motion to dismiss, the court ordered that "[g]oing forward … The section 1981 claims purportedly brought in the second, third, *fourth*, and fifth causes of action also remain against all defendants." [Emphasis added.] Accordingly, in an abundance of caution, Defendants move for judgment as to Plaintiff's Fourth Cause of Action along with Plaintiffs second, third and fifth causes of action.

18 Cal.3d 808, 813-814 (1977).)  Further, Plaintiff does not allege that she was an employee of any of the individually-named Defendants.  Rather, Plaintiff alleges that the individual Defendants, like herself, "[a]t all times mentioned … were the agents  and/or employees for each defendant Agency (sic) and/or state (sic) of California …"  (Complaint; ¶ 6, Exhibit A.) Plaintiff's only employment was with the state and was held by statute and not by contract.

Accordingly, Plaintiff's claims pursuant 42 U.S.C.A. section 1981, stated in Plaintiff's second, third, fourth and fifth causes of action, should be dismissed as to all Defendants.  Because the section 1981 claims are the only remaining claims in Plaintiff's second, third, fourth and fifth causes of action, Defendants' motion should be granted and judgment should be entered dismissing those causes of action entirely and with prejudice.

## II. THE FIRST, SEVENTH AND EIGHTH CAUSES OF ACTION FOR COMMON LAW LIABILITY SHOULD BE DISMISSED BECAUSE PUBLIC ENTITIES AND THEIR EMPLOYEES ARE IMMUNE FROM COMMON LAW TORTS.

Plaintiff's first, seventh and eighth causes of action assert claims for violation of Article I, Section 8 of the California Constitution, intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED).  The claims are pled against both the entity and individual Defendants.  These causes of action must be dismissed because state entities and their employees are immune from these causes of action pursuant to California Government Code Section 815.

Government Code section 815 states that, except as otherwise provided by statute, public entities[2] are not liable for any tortious injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. (Gov. Code § 815(a).)  This section abolishes all common law or judicially declared forms of liability for public entities and public employees sued in their official capacities, except for constitutionally- or statutorily-derived liability. (See Legis. Committee Com., Gov. Code, § 815; *Cochran v. Herzog Engraving Co*. 155 Cal.App.3d 405, 409 (1984); *Harshbarger v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988) [immunity for negligent hiring and supervision].)

---

[2] CDCR is a public entity of the State of California (Code of Civil Procedure section 481.200.)

It is well established that absent a statute declaring liability for a public entity, there can be no liability. (See *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976); *Morris v. State of California*, 89 Cal.App.3d 962, 964 (1979).) For example, public entities are not liable for common law negligence, even if a duty of care is found. (*Rodriquez v. Inglewood Unified School Dist.* 186 Cal.App.3d 707, 715 (1986) " '[A] finding of duty does not guarantee a recovery against a public entity as governmental liability is statutory only.'" (*Id.*, at 723.)   The first, fourth, seventh and eighth causes of action are all common law causes of action and therefore cannot be maintained against Defendants pursuant to Government Code section 815(a).

Here, Plaintiff sues the individually-named Defendants as "agents and/or employees for each defendant Agency (sic) and/or state (sic) of California  ('Individual Defendants').  These defendants and DOES 1 through 10, inclusive, are the agents of an entity, subject to suit under FEHA.  Defendants supervised plaintiff." (Complaint; ¶ 6, Exhibit A.)  Plaintiff incorporates these allegations by reference in causes of action two, three, four and five. (Complaint; ¶¶ 22, 33, 36, 38, Exhibit A.)

By suing the individual Defendants as employees, agents and supervisors of the State, Plaintiff has sued the individual Defendants in their official capacities as state agents.  Since the individually-named Defendants are immune from common-law liability, Plaintiff's first, seventh and eighth causes of action should be dismissed as to the individually-named Defendants. Because the individually-named Defendants are the only remaining Defendants as to the first, seventh and eighth causes of action, Defendants' motion should be granted and judgment should be entered dismissing those causes of action entirely and with prejudice.

### III. IN ADDITION, THE FIRST CAUSE OF ACTION MUST BE DISMISSED BECAUSE THE INDIVIDUALLY-NAMED DEFENDANTS COULD NOT TERMINATE PLAINTIFF'S EMPLOYMENT AS A MATTER OF LAW.

The First Cause of Action attempts to state a claim against the individually-named Defendants based solely upon Article I Section 8 of the California Constitution. However, the Complaint does not state that Defendants violated any public policy set forth in Article I Section. (Complaint, ¶¶ 18-21.)  The Complaint contains only a conclusory statement that Defendants'

conduct violated Article I Section 8 (Complaint ¶ 19), but does not state facts demonstrating that any violation occurred, or identifying the public policy that has been violated.

Assuming for the sake of analysis that the First Cause of Action sets forth a cause of action for wrongful termination in violation of a public policy stated in Article I Section 8, the cause of action still must fail because it only survives as against the individually-named Defendants, who cannot be liable for wrongful termination.

> [T]he duty on which the tort is based is a creature of the employer-employee relationship, and the breach of that duty is the employer's improper discharge of an employee otherwise terminable at the will or whim of the employer. There is nothing in … any … case we have found to suggest that this tort imposes a duty of any kind on anyone other than the employer. Certainly, there is no law we know of to support the notion that anyone other than the employer can discharge an employee.

(*Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 901 (2008).)

Because, as a matter of law, the individually-named Defendants cannot be liable for wrongful termination in violation of any public policy stated in Article I Section 8, the court should grant Defendants' motion and dismiss the First Cause of Action with prejudice.

### IV.   FINALLY, THE SEVENTH AND EIGHTH CAUSES OF ACTION FOR COMMON LAW CLAIMS SHOULD BE DISMISSED BECAUSE THE CLAIMS ARE BARRED BY THE EXCLUSIVE REMEDY OF WORKERS' COMPENSATION.

The seventh and eighth causes of action for IIED and NIED are also barred by the workers' compensation exclusivity provisions. Plaintiff has alleged no more than the plaintiff in *Cole v. Fair Oaks Fire Protection District* 43 Cal.3d 148 (1987) – that the employer's conduct caused her to suffer personal injury. Plaintiff alleges that she was ordered not to communicate with federal agencies (Complaint; 14(b)), reprimanded for reporting activity to the federal government (Complaint; 14(d)), refused transfer or assignment to a different position (Complaint 14(g), (h)). These types of conduct are a normal part of the employment relationship. (See *Shoemaker v. Myers* 52 C.3d 1, 25 (1990); *Cole*, *supra*, at 160.) Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions. (*Shoemaker*, *supra*; *Cole, supra*.)

Plaintiff may contend that in her Complaint she has described much more egregious behavior than did the plaintiff in *Cole* because she has included allegations in her Complaint that her rights under the FEHA were violated.  Nevertheless, Plaintiff has failed to assert any conduct by Defendants that would take her emotional distress claims outside the workers' compensation bargain. (See  *Vasquez v. Franklin Management Real Estate Fund, Inc.* 222 Cal.App.4th 819, 832-833 (2013) [IIED]; *Fermino v. Fedco, Inc*. 7 Cal.4th 701, 723 (1994) [false imprisonment]; *Hart v. Nat'l Mortgage & Land Co*. 189 Cal.App.3d 1420, 1432 (1987) [assault and battery].) Similarly, the Complaint does not contain fact allegations that demonstrate that Defendants' conduct fell outside the employment relationship.

Because Plaintiff's seventh and eighth causes of action eighth cause of action for IIED and NIED are barred by the exclusivity provisions of the Workers Compensation Act, these causes of action must be dismissed as against the individually-named Defendants.  Since the individually-named Defendants are the only remaining Defendants as to the seventh and eighth causes of action, Defendants' motion should be granted and judgment should be entered dismissing those causes of action entirely and with prejudice.

**CONCLUSION**

 The court should dismiss the second, third, fourth and fifth causes of action because Plaintiff's employment with the Defendants was held by statute and not by contract, and the employer/employee relationship is the sole basis for the section 1981 causes of action set forth in the Complaint.  Accordingly, Plaintiff cannot state a cognizable claim for relief under 42 U.S.C.A. § 1981 and those causes of action should be dismissed with prejudice.

The court should dismiss the first, seventh and eighth causes of action against the individually-named Defendants because as state employees they are immune from liability for common law claims. The court should dismiss the seventh and eighth causes of action against the individually-named Defendants because Workers' Compensation is the sole remedy for these claims.

/ / /

The section 1981 claims set forth in causes of action two, three, four and five against all Defendants, and causes of action one, seven and eight as against the individually-named Defendants, are the only causes of action remaining in the action.  Consequently, the court should dismiss this action in its entirety.

Dated: July 12, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID J. NEILL
Supervising Deputy Attorney General


        /s/ Bart E. Hightower
BART E. HIGHTOWER
Deputy Attorney General
*Attorneys for Defendants State of California, Department of Corrections and Rehabilitation, Department of Youth Authority, Division of Juvenile Justice, Dan Valdez, Erin Brock and Donnie Alexander*

SA2015105940
mpas.doc