1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  DAVID J. NEILL, State Bar No. 186997
   Supervising Deputy Attorney General
3  BART E. HIGHTOWER, State Bar No. 207189
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 322-5481
6    Fax:  (916) 324-5567
     E-mail:  Bart.Hightower@doj.ca.gov
7  *Attorneys for Defendants State of California,*
   *Department of Corrections and Rehabilitation,*
8  *Department of Youth Authority, Division of Juvenile*
   *Justice, Dan Valdez, Erin Brock and Donnie*
9  *Alexander*

10

                    IN THE UNITED STATES DISTRICT COURT
11
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
12

13

14

15  **MERCEDES PADILLA,**                 | 2:15-CV-02509-JAM-CKD

16                            Plaintiff,   | **DECLARATION OF BART E.**
                                           | **HIGHTOWER IN SUPPORT OF**
17              v.                         | **DEFENDANTS' MOTION FOR**
                                           | **JUDGMENT ON THE PLEADINGS**
18
    **STATE OF CALIFORNIA; CALIFORNIA**    | **[Fed. Rule of Civ. P. 8, 12(C)]**
19  **DEPARTMENT OF CORRECTIONS &**
    **REHABILITATION; DEPARTMENT OF**      | Date: August 9, 2016
20  **YOUTH AUTHORITY; DIVISION OF**       | Time: 1:30 P.M.
    **JUVENILE JUSTICE; DAN VALDEZ;**      | Courtroom: 6
21  **ERIN BROCK; DONNIE ALEXANDER**       | Judge: The Honorable John A. Mendez
    **DOE 1; DOE 2; DOE 3; DOE 4; DOES 5** | Trial Date: June 12, 2017
22  **TO 25.,**                            | Action Filed:  November 13, 2015

23                            Defendants.

24

25         I, Bart E. Hightower, declare the following:

26         1.     I am counsel of record for Defendants State of California, Department of Corrections

27  and Rehabilitation, Department of Youth Authority, and Division of Juvenile Justice in the above-

28
                                           1

1    captioned matter.  I state the facts herein of my own personal knowledge and if called upon to

2    testify could and would competently so testify thereto.

3         2.    Attached hereto as Exhibit A is a true and correct copy of the Complaint for Damages

4    filed by Plaintiff herein.

5         3.    Attached hereto as Exhibit B is a true and correct copy of the court's February 18,

6    2016 order granting in part and denying in part Defendants' motion to dismiss.

7         4.    Attached hereto as Exhibit C is a true and correct copy of the court's May 11, 2016

8    order granting in part and denying in part Defendants' second motion to dismiss.

9         I declare under penalty of perjury under the laws of the State of California that the

10   foregoing is true and correct.

11        EXECUTED this 12th day July, 2016, at Sacramento, California.

12

13                              _____/S/  BART E. HIGHTOWER_____
                                    BART E. HIGHTOWER
14

15

16   SA2015105940
     Dec of BEH.doc
17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT A

1  DANIEL L. MITCHELL (SBN34442)
   Law Offices of
2  DANIEL L MITCHELL
3  1600 G Street, Suite 101
   Modesto, California 95354
4  Telephone 510.864.8885
5  Fax 510.864.8898
   Attorneys for Plaintiff
6

7

FILED
SUPERIOR COURT - STOCKTON

2015 NOV 13 PM 1:53

ROSA JUNQUEIRO, CLERK

BY _____
        DEPUTY

$435 #7240

8         SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

9

10  MERCEDES PADILLA,

11                                              No.  STK-CV- UWT -2015- 0010546

12                    Plaintiff,

    v.

13                                              **COMPLAINT FOR DAMAGES:**

14  STATE OF CALIFORNIA; CALIFORNIA
    DEPARTMENT OF CORRECTIONS &              [1]  Violation of Art I, Section 8;
15  REHABILITATION; DEPARTMENT OF            [2]  Employment Discrimination;
    YOUTH AUTHORITY; DIVISION OF             [3]  Harassment;
16  JUVENILE JUSTICE; DAN VALDEZ;            [4]  Employment Environment
    ERIN BROCK; DONNIE ALEXANDER             [5]  Retaliation
17  DOE 1; DOE 2; DOE 3; DOE 4; DOES 5       [6]  Violation of Public Policy
18  to 25                                    [7]  Intentional Infliction of Emotional Distress
                                             [8]  Negligent Infliction of Emotional Distress
19

20

21

22

23

24
        COMES NOW plaintiff MERCEDES PERCELLA, and complains of defendants, and each of
25
26  them, and alleges as follows:

27

28


                              **COMPLAINT FOR DAMAGES**
                                      Page 1

### *GENERAL ALLEGATIONS*

1.     Plaintiff does not know the true names or capacities, whether individual, partners or corporate, of the defendants sued herein as DOES 1 through 25, inclusive, and for that reason said defendants are sued under fictitious names and plaintiff prays leave to amend this Complaint when the true names and capacities are known.

2.     At all times herein mentioned, each of said defendants, including those defendants named herein as DOES, ratified and participated in the doing of the acts hereinafter alleged to have been done by the named defendants, and furthermore, the defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting individually and within the course and scope of said agency and employment.

3.     At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture and common enterprise and acting within the course and scope of and in pursuance of said joint venture and common enterprise.

4.     At all times herein mentioned, the acts and omissions of the various defendants, and each of them, ratified, concurred in and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

5.     Plaintiff is informed and believes and thereon alleges that defendants California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of

Juvenile Justice, along with Does 1 through 5, inclusive and each of them, were Agencies of the state of California, sued herein in that capacity and were and are public entities organized and existing under the laws of the state of California and subject to suit under the California Fair Employment and Housing Act, Government Code, Sees. 12900 et seq. ("FEHA"), in that said defendants are employers who regularly employ five or more persons (collectively herein "Agency")

6.      At all times herein mentioned, defendant Dan Valdez, Erin Brock, Donnie Alexander were the agents and/or employees for each defendant Agency and/or state of California (hereinafter "Individual Defendants"). These defendant and DOES 1 through 10, inclusive, are the agent(s) of an entity, subject to suit under FEHA. Defendants supervised plaintiff.

7.      Defendants DOES 10 through 25, inclusive, were and are employed by defendants Agencies and state of California and DOES 1 through 25, inclusive, as managers, supervisors, coordinators and administrators. At all times herein mentioned, said defendants were supervisory to plaintiff.

8.      The unlawful employment practices complained of herein occurred at San Joaquin County, California.

9.      Plaintiff filed her Government Claim against defendants and each of them and thereafter she filed a claim for violations of the FEHA with the Department of Fair Employment and Housing ("DFEH").

.  10.      Portions of this action are brought pursuant to the Fair Employment and Housing Act as set forth in Sections 12900 et seq. of the California Government Code (FEHA), as well as Title VII of

the United States Code, sections 2000e through 2000e-17 (Title VII), and 42 USC §1981 to obtain relief for plaintiff for discrimination in employment against plaintiff because of plaintiff's sex, age, race/color, national origin/ancestry, association, compensation, terms, conditions, retaliation for engaging in protective activity, privileges of her employment and equal employment opportunities. Plaintiff alleges that she has been constructively terminated from her position with defendants, and each of them on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity, association, compensation, terms, conditions, retaliation for engaging in protective activity, privileges of her employment and equal employment opportunities in violation of those relevant provisions of the FEHA, Title VII and 42 USC §1981. By this action plaintiff seeks the following relief, pursuant to the FEHA , Title VII (§2000e-5(g) and (k)) and 42 USC §1981: monetary relief, including back pay, front pay, attorney fees and costs of suit for terminating plaintiff on the basis of her sex, race/color, national origin/ancestry, association, compensation, terms, conditions, retaliation for engaging in protective activity, privileges of her employment and equal employment opportunities.

11.     Plaintiff alleges that she has been discriminated against, retaliated against, defamed and harassed by defendants, and each of them, on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981. By this action plaintiff seeks the following relief pursuant to the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981: monetary relief, including back pay, front pay, attorney fees and costs of suit for discrimination against and harassment of plaintiff on the basis of her sex, age, race/color, national origin/ancestry, association and retaliation for engaging in protective activity

12.     Plaintiff is female and a resident of the County of San Joaquin, State of California.

13.     Plaintiff was a tenured employee of the state of California and an employee of the Deapartment of Corrections/CYA for at least 33 years until September 2012 as a Volunteer Program Manager and Supervisor/Foster Grandparent Program.

. 14.     Plaintiff a female, Caucasian over 40, has been discriminated against, retaliated against, defamed and harassed by defendants, and each of them, on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981;  harassment by defendants in the form of a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity, association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981, involving but not limited to:

   (a)     Plaintiff's reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

   (b)     Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)     Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)     Plaintiffs was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)     Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by forced overwork and vulnerability; for acts and omissions not her doing including errors in budgets involving federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like, all to plaintiffs damages as herein alleged.

(f)     The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiffs application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiffs personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)      Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation all to plaintiff's damages as herein alleged

15.      Plaintiff filed her Complaint of Discrimination against defendants, and each of them, for violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988 with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.

16.      Plaintiff received her Notice of Case Closure/Right to Sue Letter. .

17.      Plaintiff has exhausted her administrative remedies with respect to the filing of this civil action.

### First Cause of Action
[Violation of California Constitution, Article I, Section 8]
As to All Defendants

18.      Plaintiff incorporates by reference and realleges paragraphs 1 through 17, inclusive as though set forth herein at length.

19.      Defendants' conduct, as alleged in this complaint, violated Article I, section 8 of the California Constitution, which establishes the State's fundamental public policy prohibiting the disqualification of a person from entering or pursuing a business, profession, vocation or employment because of sex, race, creed, color, or national or ethnic origin and retaliation for engaging in protective activity

20.     Defendants' actions have caused, and continue to cause, plaintiff substantial losses in earnings and other employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation, embarrassment and anguish, all to plaintiff's damage in amount according to proof.

21.     Defendants, and each of them, did the acts herein alleged maliciously, oppressively, and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive damages (except as to state of California and its entities) in an amount according to proof against said defendants, and each of them.


WHEREFORE plaintiff prays judgment as more particularly set forth below.


### Second Cause of Action
[Employment Discrimination]
As To All Defendants


22.     Plaintiff incorporates herein by reference and realleges paragraphs 1 through 21 inclusive, as though set forth at length.

23.     At all times herein mentioned, defendants, state of California, and California Department of Corrections & Rehabilitation, Department of Youth Authority, Division of Juvenile Justice are entities  subject to suit under the California Fair Employment and Housing Act, Government Code section 12900, et seq. (FEHA) and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988 in that defendant is an employer who regularly employs five or more persons.

24.    In retaliation for plaintiff's complaints, Defendants subjected plaintiff to a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)    Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)    Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such manipulation of funds was illegal and fraudulent

(d)    Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)    Plaintiff was retaliated against for reporting state and individual illegal manipulation of

federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)     The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take immediate or appropriate corrective action in response to her complaints of disparate treatment, harassment and discrimination and her complaints of retaliation.

25.     Defendants' failure to act or protect plaintiff was on pretextual grounds and not for good cause. Their reason(s) are a pretext for discrimination on account of plaintiff's sex, age, race/color, national origin/ancestry, association, because defendants knew, or should have

known, that the Individual Defendants were engaged in similar conduct with many other

employees and to take corrective action would expose defendants to liability for those acts.

26.     The discriminatory actions of defendants, and each of them, against plaintiff

constituted unlawful discrimination in employment on account of plaintiffs sex, age, race/color, national

origin/ancestry, retaliation for engaging in protective activity and association in violation of those

relevant sections of FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of

1866, 1871, and 1991 and 42 USC §1981 and §1988.

27.     The discriminatory actions of defendants, and each of them, against plaintiff, as

alleged above, are a substantial factor in causing plaintiff substantial losses in earnings and other

employment benefits, and have caused plaintiff to suffer, and to continue to suffer, humiliation,

embarrassment and anguish, all to plaintiff's damage in an amount according to proof. As a result of

such discrimination and consequent harm, plaintiff has suffered such damages in an uncertain amount.

Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when it has

been ascertained.

28.     The discriminatory misconduct of defendants, and each of them, is a substantial factor in

causing plaintiff to be harmed in that plaintiff has suffered the intangible loss of the employment-related

opportunities associated with working for defendants including job security and future employment. As

a result of such discrimination and consequent harm, plaintiff has suffered damages in an uncertain

amount. Plaintiff prays leave to amend this complaint to allege the exact amount of these damages when

it has been ascertained.

29.     The discriminatory misconduct of defendants, and each of them, is a substantial

factor in causing plaintiff to be harmed in that plaintiff has suffered humiliation, mental anguish, emotional and physical distress, and has been hurt and injured in her health, strength, and activity, sustaining injury to her body, shock and injury to her nervous system and person, and became sick, sore, lame, and disabled, all of which said injuries have caused, and continue to cause, said plaintiff great mental, physical, and nervous pain and suffering all to her general damage in a sum to be determined at the trial of this matter. Plaintiff is informed, and believes, and thereon alleges that the amount of her damages exceed the jurisdictional limits of the Superior Court of the State of California.

30.     By reason of the above-mentioned premises, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care for her and did incur and continue to incur, medical and incidental expense. This exact amount of such expense is unknown to plaintiff at this time, and she prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

31.     By reason of the above-mentioned premises, plaintiff was prevented from engaging in her usual occupation and in the future will be so prevented, all to her damage in an amount unknown to plaintiff at this time, and plaintiff prays leave to amend this pleading to set forth the exact amount thereof when the same is finally ascertained.

32.     Defendants, and each of them, did the acts herein alleged maliciously, oppressively, and with the wrongful intention of injury to plaintiff from an improper and willful motive amounting to malice in conscious disregard of plaintiff's rights. Plaintiff, therefore, is entitled to recover punitive damages (except as to state of California and its entities) in an amount according to proof against said defendants, and each of them.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

***Third Cause of Action***
[Harassment]
As To All Defendants

33.     Plaintiff incorporates by reference and realleges paragraphs 1 through 32 inclusive, herein, as though set forth at length.

34.     The conduct of the defendants, and each of them, was harassment in that it created a hostile work environment in violation of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988. Defendants, and each of them, knew of these harassing actions because the Individual Defendants had reputations and were known to engage in such conduct. Defendants knew, or should have known, of the above-described harassment, yet failed to take immediate or any appropriate corrective action to stop or prevent the harassment from reoccurring, thereby requiring plaintiff to be subjected to a hostile working environment.

35.     The acts and misconduct hereinabove alleged were a substantial factor in causing plaintiff to suffer injury and damages, as herein set forth

WHEREFORE plaintiff prays judgment as more particularly set forth below.

***Fourth Cause of Action***
[Environment Free from Harassment]
As to All Defendants

36.     Plaintiff incorporates by reference and realleges paragraph 1 through 35, inclusive, herein, as though set forth at length.

37.     Defendants, and each of them, failed to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code §12940(k), by engaging in the course of conduct set for the in paragraphs 1 through 35, among other things.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Fifth Cause of Action
[Retaliation]
As to All Defendants

38.     Plaintiff incorporates by reference and realleges paragraph 1 through 37, inclusive, herein, as though set forth at length.

39.     Defendants, and each of them, have retaliated against plaintiff in violation of California Government Code §12940(h), by engaging in a course of retaliatory conduct, including among other things, the conduct set forth as follows::

In retaliation for plaintiff's complaints, Defendants subjected plaintiff to a pattern and practice of offensive and unwanted sexual behavior at work and discriminated against her, retaliated against her, subjected her to defamation, harassment and disparate treatment on account of her sex, age, race/color, national origin/ancestry, retaliation for engaging in protective activity and association in violation of those relevant provisions of the FEHA and Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including but not limited to:

(a)     Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth

Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)    Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such such manipulation of funds was illegal and fraudulent

. **(d)**    Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)    Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)    The Individual Defendants subjected plaintiff to verbal and psychological abuse;

· (g)    Defendants refused to accommodate plaintiff when she sought reassignment; such refusal was in violation of FEHA as set forth in §12900, et seq. of the

1  California Government Code;

2    (h)    Defendants denied plaintiff's application for positions with knowledge that such

3  assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal

4  health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose
5
6  performance was less than adequate;

7    (i)    Defendants failed to fully investigate the matters complained of by

8  plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the
9
10 hostile environment to which she was subjected;

11   (j)    Plaintiff was forced to quit her employment because of defendants' failure to take
12
13 immediate or appropriate corrective action in response to her complaints of disparate treatment,
14 harassment and discrimination and her complaints of retaliation.

15     WHEREFORE plaintiff prays judgment as more particularly set forth below.

16
17
18                 ***Sixth Cause of Action***
19                 [Violation of Public Policy]
                    As To All Defendants
20
21   40.    Plaintiff incorporates by reference and realleges paragraph 1 through 39, inclusive,
22
23 herein, as though set forth at length.

24   41.    Defendants, and each of them, discriminated and harassed plaintiff in her employment in

25 violation of public policy and of those relevant provisions of the FEHA and Title VII of the Civil Rights

26 Act of 1964, and the Civil Rights Act of 1866, 1871, and 1991 and 42 USC §1981 and §1988, including

27 but not limited to:
28

(a)    Plaintiff reports to the federal government and its authorities that the Accounting Department of California Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice, through the Individual Defendants herein were using federal funds from grants received from the federal government, for purposes other than the Department of Corrections & Rehabilitation, the Department of Youth Authority and Division of Juvenile Justice to pay other unauthorized state debt for state expenditure and refused to stop such illegal behavior and conduct;

(b)    Plaintiff who was signature to the grants and responsible for the budget was exposed to potential liability was ordered by defendants, and each of them, to not communicate in any way with the federal government.

(c)    Plaintiff was ordered to continue in her grant activities by defendants, and each of them, when said defendants, and each of them, knew or should have known that such such manipulation of funds was illegal and fraudulent

ˑ (d)    Plaintiff's was reprimanded for reporting state and individual illegal manipulation of federal funds to the federal government

(e)    Plaintiff was retaliated against for reporting state and individual illegal manipulation of federal funds by overwork and vulnerability for acts and omissions not her doing including errors in a budgets indicating federal funds at risk; found her work had been altered; that her complaints to her supervisors were unresponsive; accused of shedding federal documents ; accused of taking institution keys ; was told that her retirement would be rescinded; was not allowed to go on the grounds of the facility; was accused of embezzling money; was denied health benefits in a timely manner; was denied workers' compensation benefits; and the like.

(f)    The Individual Defendants subjected plaintiff to verbal and psychological abuse;

(g)     Defendants refused to accommodate plaintiff when she sought reassignment;
such refusal was in violation of FEHA as set forth in §12900, et seq. of the
California Government Code;

(h)     Defendants denied plaintiff's application for positions with knowledge that such
assignment would be less stressful and remove the dangers associated with stress to plaintiff's personal
health; denied plaintiff promotion; denied plaintiff raises in pay while rewarding others whose
performance was less than adequate;

(i)     Defendants failed to fully investigate the matters complained of by
plaintiff; failed to acknowledge the severe psychological reaction the plaintiff suffered by reason of the
hostile environment to which she was subjected;

(j)     Plaintiff was forced to quit her employment because of defendants' failure to take
immediate or appropriate corrective action in response to her complaints of disparate treatment,
harassment and discrimination and her complaints of retaliation.

42.     The acts and misconduct hereinabove alleged were a substantial factor in causing
plaintiff to suffer injury and damages, as above.


WHEREFORE plaintiff prays judgment as more particularly set forth below.


### Seventh Cause of Action
[Intentional Infliction of Emotional Distress]
As To All Defendants


43.     Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 42.

44.     The conduct set forth hereinabove was extreme and outrageous and an abuse of

the authority and position of defendants and each of them. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. Said conduct exceeds the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants and each of them abused their position of authority toward plaintiff and engaged in conduct intended to humiliate plaintiff and to convey the message that she was powerless to defend her rights. Defendants abused their authority and directly injured plaintiff by its ratification of the Individual Defendants acts in failing to protect plaintiff.

45.     The foregoing conduct did in fact cause plaintiff to suffer extreme emotional distress. As a proximate result of said conduct plaintiff suffered embarrassment, anxiety, humiliation and emotional distress, and psychiatric depression and will continue to suffer said emotional distress in the future in an amount according to proof.

WHEREFORE plaintiff prays judgment as more particularly set forth below.

### Eighth Cause of Action
[Negligent Infliction of Emotional Distress]
As To All Defendants

46.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45.

47.     In carrying out the above conduct defendants, and each of them, breached a duty owed to plaintiff to provide a workplace free from unfair treatment,  discrimination and retaliation and abused their positions of authority toward her. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants violated said duty directly by ratifying the conduct of the Individual Defendants.

48.     Defendants, and each of them, knew or should have known that said conduct would cause plaintiff extreme emotional distress. As a proximate result of defendants negligent conduct plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish, psychiatric depression and emotional distress in an amount according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

1. General damages in an amount to be proven at the time of trial;

2. All special and incidental damages according to proof;

3. Punitive damages according to proof;

4. Attorneys fees herein incurred;

5. All costs of suit; and

6. Such other and further relief as the Court deems proper in the premises.

Law Offices of
DANIEL L. MITCHELL

By
Attorney for Plaintiff Padilla

EXHIBIT  B

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   MERCEDES PADILLA,                    No.   2:15-cv-02509-JAM-CKD

11              Plaintiff,

12        v.                              ORDER DENYING IN PART AND
                                          GRANTING IN PART DEFENDANTS'
13   STATE OF CALIFORNIA; CALIFORNIA      MOTION TO DISMISS
     DEPARTMENT OF CORRECTIONS AND
14   REHABILITATION; DEPARTMENT OF
     YOUTH AUTHORITY; DIVISION OF
15   JUVENILE JUSTICE; DAN VALDEZ;
     ERIN BROCK; DONNIE ALEXANDER;
16   DOE 1; DOE 2; DOE 3; DOE 4;
     DOES 5-25,
17
                Defendants.
18

19        Plaintiff and alleged whistleblower Mercedes Padilla

20   ("Padilla") claims that her employers at the California

21   Department of Corrections and Rehabilitations ("CDCR") retaliated

22   against her for reporting the misuse of federal grant money.

23   Defendants seek dismissal of each of Padilla's eight claims for

24   relief.  For the reasons stated below, the Court grants in part

25   and denies in part Defendants' motion to dismiss.[1]

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for August 21, 2013.

                                   1

1    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2         The following facts, alleged by Padilla, are assumed to be

3    true for the purposes of this motion.

4         Padilla was employed at the Department of Youth Authority

5    ("DYA") and Division of Juvenile Justice ("DJJ") of the CDCR for

6    approximately thirty-three years.  Compl. ¶ 13.  At the end of

7    her career, she was "a Volunteer Program Manager and

8    Supervisor/Foster Grandparent Program."  Id.

9         Padilla is a Caucasian female who is over forty years old.

10   Id. ¶ 14.  She brings this claim against DYA, DJJ, and CDCR

11   (collectively "Institutional Defendants"); Dan Valdez ("Valdez"),

12   Erin Brock ("Brock"), and Donnie Alexander ("Alexander")

13   (collectively "Individual Defendants"), who were her supervisors

14   at Institutional Defendants; and the State of California.

15        Padilla reported to the federal government that the CDCR,

16   DYA, and DJJ were improperly using federal grant money to pay off

17   state debt.  Id. ¶ 14(a).  In response, Individual Defendants

18   ordered Padilla to cease communicating with the federal

19   government and to continue with her grant activities, despite the

20   fact that such activities were fraudulent.  Id. ¶¶ 14(b)-(c).

21   Individual Defendants reprimanded and retaliated against Padilla

22   for blowing the whistle on the misuse of federal funds.  Id.

23   ¶ 14(d).  Specifically, defendants overworked her; altered her

24   work; refused to respond to her complaints; accused her of

25   shredding federal documents, taking keys, and embezzling money;

26   denied her health benefits and workers' compensation benefits;

27   and refused to allow her to enter the grounds of her work

28   facility.  Id. ¶ 14(e).  Defendants also subjected Padilla to

2

1    verbal and physical abuse, denied her promotions and pay raises,
2    and refused to fully investigate Padilla's complaints or
3    acknowledge her psychological suffering.  Id. ¶¶ 14(f)-(i).  When
4    Padilla sought reassignment, Defendants refused to accommodate
5    her.  Id. ¶ 14(g).  In light of these events, Padilla was forced
6    to quit her job.  Id. ¶ 14(j).

7        Padilla then filed the operative complaint in San Joaquin
8    County Superior Court of California on November 13, 2015.  Id. at
9    1.  The first cause of action alleges violation of Article 1,
10   Section 8 of the California Constitution.  Id. at 7.  The second,
11   third, and fifth causes of action allege, respectively,
12   employment discrimination, harassment, and retaliation, in
13   violation of 42 United States Code sections 2000e through 2000e-
14   17 ("Title VII"), 42 United States Code section 1981 ("Section
15   1981"), and the California Fair Employment and Housing Act
16   ("FEHA"), California Government Code ("Government Code") Section
17   12900, et. seq.  Id. at 8, 13, 14.  The fourth cause of action
18   alleges a failure to provide an environment free from harassment,
19   in violation of Government Code section 12940(k).  Id. at 13.
20   Finally, causes of action six, seven, and eight respectively
21   allege violations of public policy, intentional infliction of
22   emotional distress, and negligent infliction of emotional
23   distress.  Id. at 16, 18, 19.  Each claim is submitted against
24   all of the defendants.  Padilla seeks general, incidental, and
25   punitive damages.  Id. at 20.

26       Defendants removed the case to federal court (Doc. #1) and
27   moved to dismiss the case or, in the alternative, for a more
28   definite statement (Doc. #5).  Specifically, Defendants move to

3

1   dismiss all of the counts alleged against the State of

2   California, arguing that Padilla failed to bring specific fact

3   allegations against the state.   Mot. at 3-4.   Defendants further

4   move to dismiss counts two, four, and five as against Individual

5   Defendants for failure to state a claim upon which relief can be

6   granted.   Id. at 4-6.   Defendants move to dismiss claims for

7   relief two, three, four, and five, arguing that the Court does

8   not have subject matter jurisdiction over these claims because

9   Padilla did not plead that she filed a timely administrative

10  claim.   Id. at 6-8.   Finally, Defendants move to dismiss claims

11  one, two, seven, and eight as against all defendants for lack of

12  subject matter jurisdiction because Padilla failed to plead

13  compliance with the claim presentation requirements of the

14  California Government Claims Act.   Id. at 8-11.   Alternatively,

15  Defendants ask that the Court order Padilla to submit a more

16  definite complaint under Federal Rule of Civil Procedure ("Rule")

17  12(e).   Id. at 11.

18      Padilla opposes dismissal and the motion for a more definite

19  statement (Doc. #6).

20

21              II.   OPINION

22      A.   Analysis

23          1.   Allegations Against the State of California

24      Defendants move to dismiss all claims against the State of

25  California under Rule 12(b)(6) for failure to state a claim upon

26  which relief can be granted.   Defendants contend that Padilla

27  has not alleged a "single fact allegation alleging wrongdoing on

28  the part of the State of California, and therefore does not

4

1  state sufficient facts under any cognizable theory of recovery
2  against the State." Mot. at 3. In opposition, Padilla claims
3  that the "State of California and its Agencies are identified
4  individually" in the complaint. Opp. at 4.

5      Padilla does, in fact makes multiple factual allegations
6  against the State of California. Compl. ¶¶ 2-4, 10-11, 14-15,
7  21, 26-29, 32, 34, 37, 39, 41, 44, 47-48. For example, Padilla
8  alleges under her seventh cause of action that "Defendants and
9  each of them abused their position of authority toward plaintiff
10 and engaged in conduct intended to humiliate plaintiff." Id. ¶
11 44. Under the third cause of action, Padilla alleges that
12 "Defendants, and each of them, knew of these harassing actions .
13 . . yet failed to take immediate or any appropriate corrective
14 action." Id. ¶ 34. The shorthand "defendants, and each of them"
15 clearly includes the named defendant State of California.
16 Defendants implicitly concede this point by not addressing
17 Padilla's argument in their Reply brief.

18      Thus, the Court denies Defendants' motion to dismiss all of
19 the claims against the State of California because the Court
20 finds that Padilla has sufficiently alleged facts against the
21 State.

22          2.    Individual Liability for Management Decisions
23      Defendants move for dismissal of the second, fourth, and
24 fifth claims for relief as to the Individual Defendants on the
25 basis that individual supervisors cannot be held liable for
26 retaliation or for "discrimination based upon management
27 decisions that they make as part of their job duties." Mot. at
28 4. Padilla opposes Defendants' motion, arguing that "although

                                5

1  section 1981 does not directly state that retaliation claims are
2  actionable, it is now settled law that section 1981 prohibits
3  retaliation for filing a race discrimination claim (statutory or
4  administrative) or opposing race discrimination." Opp. at 5.
5  In its Reply, Defendants clarify that "the second, fourth and
6  fifth claims for relief should be dismissed as to the
7  individually-named Defendants *in as far as those claims are*
8  *brought pursuant to the FEHA and/or Title VII*." Reply at 2
9  (emphasis added). Thus, Defendants are moving to dismiss only
10 the FEHA and Title VII claims brought against Individual
11 Defendants in claims two, four, and five.

12      Defendants are correct that individual defendants cannot be
13 found personally liable under FEHA or Title VII for
14 discrimination or retaliation. With respect to FEHA, California
15 law prohibits supervisors from being personally liable for
16 discrimination or for retaliation. Reno v. Baird, 18 Cal.4th
17 640, 663 (1998) ("[I]ndividuals who do not themselves qualify as
18 employers may not be sued under the FEHA for alleged
19 discriminatory acts."); Jones v. Lodge at Torrey Pines P'ship,
20 42 Cal.4th 1158, 1173 (2008) (finding that even if an the
21 employer is liable for retaliation, "nonemployer individuals are
22 not personally liable for their role in that retaliation.").
23 Similarly, employees "cannot be held liable in their individual
24 capacities" for alleged violations of Title VII. Montero v.
25 AGCO Corp., 19 F.Supp.2d 1143, 1146 (E.D. Cal. 1998) (granting
26 summary judgment for plaintiff's title VII claim against
27 individual defendants); see also Ortez v. Washington Cty., State
28 of Or., 88 F.3d 804, 808 (9th Cir. 1996) (affirming dismissal of

6

1   claims against individual employees because "employees cannot be

2   held liable in their individual capacities under Title VII").

3        Thus, the FEHA and Title VII claims brought against

4   Individual Defendants in the second, fourth, and fifth causes of

5   action are dismissed.  The defects associated with the FEHA and

6   Title VII claims against Individual Defendants cannot be cured

7   by amendment, so dismissal is with prejudice.  Eminence Capital,

8   LLC v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)

9   ("Dismissal with prejudice and without leave to amend is not

10  appropriate unless it is clear on de novo review that the

11  complaint could not be saved by amendment.").

12              3.   Exhaustion of Administrative Remedies

13       Defendants move to dismiss the second, third, fourth, and

14  fifth claims for relief against all defendants under Rule

15  12(b)(1) for lack of subject matter jurisdiction because Padilla

16  failed to plead that she filed her administrative relief claims

17  in a timely manner.  Mot. at 6-8.  In opposition, Padilla argues

18  that paragraph nine of the complaint, which states "Plaintiff

19  filed her Government Claim against defendants and each of them

20  and thereafter she filed a claim for violations of the FEHA with

21  the Department of Fair Employment and Housing," qualifies as

22  pleading a timely filing of her administrative claims.

23       A plaintiffs' FEHA claim must be filed with the Department

24  of Fair Employment and Housing ("DFEH") within one year from the

25  date upon which the alleged unlawful action occurred.  Cal.

26  Gov't. Code § 12960(d).  If DFEH does not bring an action, it

27  will provide the plaintiff with notice of his or her right to

28  sue.  Cal. Gov't. Code § 12965(b).  The plaintiff must then bring

                                  7

1   a private civil action within one year of receiving such notice.
2   Id.  Similarly, claims brought under Title VII must be filed
3   within 180 after the alleged unlawful employment practice
4   occurred or, if the plaintiff has initiated state proceedings,
5   the earlier of 300 days after the alleged unlawful practice and
6   thirty days after a state agency has terminated its review.  42
7   U.S.C. §2000e-5(e)(1).

8        Given these requirements, to properly plead a claim under
9   Title VII and FEHA, plaintiff must plead that she timely filed an
10  administrative claim.  As it stands, the complaint does not
11  allege that Padilla filed her administrative claims in a timely
12  manner.

13       If Padilla filed her claims in a timely fashion, then the
14  complaint can easily be amended to reflect the timeliness of her
15  claims.  Thus, the Court grants the motion to dismiss claims two,
16  three, four, and five, with leave to amend.  Eminence Capital,
17  316 F.3d at 1052 ("Absent prejudice . . . there exists a
18  presumption under Rule 15(a) in favor of granting leave to
19  amend.").

20            4.    Compliance with the Government Claims Act
21       Defendants move to dismiss Padilla's first, sixth, seventh,
22  and eighth claims for relief for failure to comply with the
23  Government Claims Act.  Cal. Gov't. Code §§ 900 et. seq.
24  Specifically, Defendants argue that the complaint does not set
25  forth facts that show either that Padilla filed a timely
26  complaint with the pertinent public entities or that she filed
27  this lawsuit in a timely manner.  Mot. at 8-10.  In opposition,
28  Padilla again argues that the allegation in paragraph nine of

8

1   the complaint, which sufficiently pleads compliance with the

2   Government Claims Act.   Opp. at 6.

3        California law requires that "no suit for money or damages

4   may be brought against a public entity . . . until a written

5   claim therefor has been presented to the public entity and has

6   been acted upon by the board, or has been deemed to have been

7   rejected by the board."   Cal. Gov't Code § 945.4.   California

8   law requires that tort claims made against a public entity must

9   be presented to that entity "not later than six months after the

10  accrual of the cause of action."   Cal. Gov't Code § 911.2.   If

11  the entity rejects the claim, the plaintiff then has six months

12  after notice of the rejection to file a claim in federal or

13  state court.   Cal. Gov't. Code §945.6.   "Failure to timely

14  present a claim . . . to a public entity bars a plaintiff from

15  filing a lawsuit against that entity."   City of Stockton v.

16  Superior Court, 42 Cal.4th 730, 738 (2007).

17       The complaint contains no allegation that Padilla met the

18  time requirements set out in the Government Claims Act.   The

19  Court thus grants the motion to dismiss claims one, six, seven,

20  and eight, with leave to amend.

21

22            5.   Section 1981 Claims

23       Finally, Defendants raised a new argument in their reply

24  brief that Padilla's second, third, fifth, and sixth causes of

25  action should be dismissed insofar as they are based on Section

26  1981 because employment in California is held by statute, not by

27  contract.   Reply at 3-4.   New arguments cannot be raised in

28  reply briefs, at least partly because it prevents the opposing

                                 9

1  party from having an opportunity to respond.  Zamani v. Carnes,

2  491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not

3  consider arguments raised for the first time in a reply

4  brief.").  As such, the Court has not considered this argument.

5

6                              III.  ORDER

7       For the reasons set forth above, the Court: DENIES

8  Defendants' motion to dismiss all of the claims against the State

9  of California; GRANTS WITH PREJUDICE Defendants' motion to

10  dismiss the FEHA and Title VII claims brought against Individual

11  Defendants under the second, fourth, and fifth causes of action;

12  GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss claims

13  two, three, four, and five; and GRANTS WITH LEAVE TO AMEND

14  Defendants' motion to dismiss claims one, six, seven, and eight.

15       Padilla's amended complaint must be filed within twenty (20)

16  days from the date of this order.  Defendants' responsive

17  pleadings are due within twenty (20) days thereafter.  The Court

18  advises that failure to cure the defects identified in this Order

19  may be grounds for dismissal without further leave to amend.

20  Dick v. Am. Home Mortgage Servicing, Inc., CIV. 2:13-00201 WBS,

21  2013 WL 5299180, at *6 (E.D. Cal. 2013).

22       IT IS SO ORDERED.

23  Dated: February 18, 2016

24

25                                        JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE
26

27

28

                                   10

EXHIBIT  C

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   MERCEDES PADILLA,                    No.  2:15-cv-02509-JAM-CKD

11            Plaintiff,

12      v.                                ORDER GRANTING IN PART AND
                                          DENYING IN PART DEFENDANTS'
13   STATE OF CALIFORNIA; CALIFORNIA      MOTION TO DISMISS
     DEPARTMENT OF CORRECTIONS AND
14   REHABILITATION; DEPARTMENT OF
     YOUTH AUTHORITY; DIVISION OF
15   JUVENILE JUSTICE; DAN VALDEZ;
     ERIN BROCK; DONNIE ALEXANDER;
16   DOE 1; DOE 2; DOE 3; DOE 4;
     DOES 5-25,
17
              Defendants.
18

19        Plaintiff Mercedes Padilla ("Padilla") brought eight causes

20   of action against defendants State of California, California

21   Department of Youth Authority, California Division of Juvenile

22   Justice, and California Department of Corrections and

23   Rehabilitation (collectively "Entity Defendants"); and Dan

24   Valdez, Erin Brock, and Donnie Alexander (collectively

25   "Individual Defendants").  Defendants filed a second motion to

26   dismiss pursuant to Rule 12(b)(1) and 12(b)(6) (Doc. #12).  The

27   Court held a hearing on this motion on May 3, 2016.  For the

28   reasons stated on the record at the hearing, the Court grants in

                                    1

1   part and denies in part the motion as follows:

2       1.  The Court grants with prejudice the motion to dismiss

3           any FEHA and Title VII claims purportedly brought in the

4           second, third, fourth, fifth, and sixth causes of action

5           against all defendants for failure to plead timely

6           compliance with California Government Code Section

7           12960(d) and 42 U.S.C. section 2000e-5(e)(1).

8       2.  The Court denies the motion to dismiss any Section 1981

9           claims purportedly brought in the second, third, fourth,

10          and fifth causes of action.

11      3.  The Court grants with prejudice the motion to dismiss

12          the first, sixth, seventh, and eighth causes of action

13          insofar as they are brought against Entity Defendants

14          for failure to plead timely compliance with the

15          California Government Tort Claims Act.

16      Going forward, the first, seventh, and eighth causes of

17  action against Individual Defendants remain.  The section 1981

18  claims purportedly brought in the second, third, fourth, and

19  fifth causes of action also remain against all defendants.  As

20  Plaintiff conceded during the hearing, the sixth cause of action

21  was only brought under FEHA, not Section 1981.  As such, the

22  sixth cause of action has been dismissed in its entirety.

23

24  IT IS SO ORDERED.

25

26  Dated:  May 11, 2016          By: _____

27                                    JOHN A. MENDEZ

28                                    UNITED STATES DISTRICT JUDGE

                                    2